Shilpa A. Coorg (SBN: 278034)
SCoorg@winston.com
WINSTON & STRAWN LLP
333 S Grand Ave.
Los Angeles, CA 90071
Tel: (213) 615-1700

Counsel for Movant
CHARTER COMMUNICATIONS, INC.

**ORIGINAL
FILED**

APR 2 1 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

CHARTER COMMUNICATIONS, INC.,

    Movant,

    v.

AUDIBLE MAGIC, INC.

    Respondent.

Case No.   -mc- MISC

**DECLARATION OF SHILPA A. COORG IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA *DUCES TECUM***

I, Shilpa A. Coorg, declare as follows:

1.    I am an associate of the firm Winston & Strawn LLP, attorneys of record for Charter Communications, Inc. ("Charter"). I submit this declaration in support of Charter's Motion to Compel Audible Magic (the "Motion"). I have personal knowledge of all facts stated in this declaration, and if called upon as a witness, I could and would competently testify thereto.

2.    Attached hereto as **Exhibit 1** is a true and correct copy of Charter's subpoena *duces tecum*, along with Attachment A to the subpoena *duces tecum*, served to Audible Magic pursuant to Fed. R. Civ. P. 45 on December 20, 2019. Exhibit 1 omits the exhibit to Attachment A to the subpoena (referred to in Attachment A as "Exhibit 1") that lists the works-in-suit in the underlying litigation.

3.    Attached hereto as **Exhibit 2** is a true and correct copy of Audible Magic's objections and responses to Charter's subpoena *duces tecum*.

4.    Attached hereto as **Exhibit 3** is a true and correct copy of correspondence dated

4/15/2020 and prior, between myself on behalf of Charter, and Josh Rychlinski, counsel for Audible Magic.

5.      Attached hereto as **Exhibit 4** is a true and correct copy of correspondence dated 4/6/2020 and prior, between myself on behalf of Charter, and Josh Rychlinski, counsel for Audible Magic.

6.      Following service of Audible Magic's subpoena responses, the parties met and conferred by phone and by email, and largely came to agreement regarding the scope of production, pending Charter's review of Audible Magic's produced documents.

7.      On April 10th, I attempted to contact Mr. Rychlinksi by phone to discuss the timing of Audible Magic's production.  Mr. Rychlinski did not pick up, and I left a voicemail message requesting that he return my call.  Mr. Rychlinski did not return my call, and I followed up with an email.  Mr. Rychlinski responded on April 13th indicating that Audible Magic was "working on finalizing the production and [] will keep you apprised of our progress."  (*See supra*, Exhibit 3 at 2.)

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct.

Executed this 21st day of April 2020 at Los Angeles, California.

*s/ Shilpa A. Coorg*
Shilpa A. Coorg (SBN: 278034)
SCoorg@winston.com
WINSTON & STRAWN LLP
333 S Grand Ave.
Los Angeles, CA 90071
Tel: (213) 615-1700

*Counsel for Movant*
*Charter Communications, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that I have made service of the Declaration of Shilpa A. Coorg in Support of Motion to Compel Compliance with Subpoena *Duces Tecum* by e-mail on April 21, 2020 and by placing these same documents in the United States mail on April 21, 2020, first class, postage prepaid, to the following:

> Joshua M. Rychlinski
> Cromwell & Moring LLP
> 1001 Pennsylvania Avenue NW
> Washington DC 20004
> (202) 624-2688
> jrychlinski@cromwell.com
> *Counsel for Respondent Audible Magic, Inc.*


> *s/ Shilpa A. Coorg*
> Shilpa A. Coorg

# Exhibit 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### DISTRICT OF COLORADO

| | | |
|---|---|---|
| Warner Records Inc. (f/k/a Warner Bros. Records Inc.) et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   19-cv-00874-RBJ-MEH |
| | ) | |
| Charter Communications, Inc. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Audible Magic Corporation, c/o Corp2000, 720 14th Street, Sacramento, CA 95814

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A

| Place: Winston & Strawn LLP<br>333 S. Grand Avenue, 38th Floor<br>Los Angeles, California 94111 | Date and Time:<br><br>01/15/2020 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   12/20/2019

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Erin R. Ranahan |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Charter Communications, Inc. _____ , who issues or requests this subpoena, are:

Erin Ranahan, Winston & Strawn LLP, 333 S. Grand Ave., 38th Floor, Los Angeles, CA 90071, (213) 615-1750

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   19-cv-00874-RBJ-MEH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*   Audible Magic Corp.

on *(date)*

❒  I served the subpoena by delivering a copy to the named person as follows:

on *(date)*                          ; or

❒  I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $                    for travel and $                    for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date:

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

WARNER RECORDS INC. (f/k/a WARNER
BROS. RECORDS INC.), et al.,

      Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC.,

      Defendant.

Case No. 19-cv-00874-RBJ-MEH

## ATTACHMENT A TO THE SUBPOENA TO PRODUCE
## DOCUMENTS AND THINGS TO AUDIBLE MAGIC CORP.

### DEFINITIONS

1.    "You," or "Your" shall refer to Audible Magic Corp., and/or any of its representatives, all past and present predecessors, successors, subsidiaries, affiliates, and parent companies, and all past and present directors, officers, partners, employees, agents, representatives, or persons acting on behalf of the forgoing entities.

2.    "Charter" shall refer to Defendant Charter Communications, Inc.

3.    "Plaintiff(s)" shall refer to any or all of Warner Records Inc. (f/k/a Warner Bros. Records Inc.), Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Nonesuch Records Inc.,, Roadrunner Records, Inc., WEA International Inc., Warner Chappell Music, Inc. (f/k/a Warner/Chappell Music, Inc.), Warner-Tamerlane Publishing Corp., WB Music Corp., W.C.M. Music Corp. (f/k/a W.B.M. Music Corp.), Unichappell Music Inc., Rightsong Music Inc., Cotillion Music, Inc., Intersong U.S.A., Inc., Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, Volcano Entertainment III, LLC, Zomba Recordings LLC, Sony/ATV Music Publishing LLC, EMI Al Gallico Music Corp., EMI Algee

Music Corp., EMI April Music Inc., EMI Blackwood Music Inc., Colgems-EMI Music Inc., EMI Consortium Music Publishing Inc. d/b/a EMI Full Keel Music, EMI Consortium Songs, Inc., individually and d/b/a EMI Longitude Music, EMI Entertainment World Inc. d/b/a EMI Foray Music, EMI Jemaxal Music Inc., EMI Feist Catalog Inc., EMI Miller Catalog Inc., EMI Mills Music, Inc., EMI Unart Catalog Inc., EMI U Catalog Inc., Jobete Music Co. Inc., Stone Agate Music, Screen Gems-EMI Music Inc., Stone Diamond Music Corp., UMG Recordings, Inc., Capitol Records, LLC, Universal Music Corp., Universal Music – Mgb Na LLC, Universal Music Publishing Inc., Universal Music Publishing Ab, Universal Music Publishing Limited, Universal Music Publishing Mgb Limited, Universal Music – Z Tunes LLC, Island Music Limited, Polygram Publishing, Inc., and Songs Of Universal, Inc.

4. "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether orally, in writing, or otherwise, including but not limited to written correspondence, reports, mailings, conversations, meetings, letters, notes, recordings, and telegraphic, facsimile, telex or computer-assisted electronic messages (including but not limited to e-mail, text messaging, instant messaging, VoIP calls, video conferencing, and posts on social media platforms or blogs).

5. "Copyright Works" shall refer to any or all of the works listed in Exhibit 1, attached hereto.

6. "Document" as used herein shall have the broadest possible construction under the Federal Rules of Civil Procedure.

7. "ISP" shall refer to Internet Service Provider.

8. "RIAA" shall refer to any or all of the Recording Industry Association of America and its predecessors, successors, subsidiaries, affiliates, members, shareholders, directors, officers, past and present employees, agents, representatives, consultants, and any other person or entity

acting, or purporting to act, on RIAA's behalf.

9.      "MarkMonitor" shall refer to MarkMonitor, Inc., and its predecessors, successors, subsidiaries, affiliates, members, shareholders, directors, officers, past and present employees, agents, representatives, consultants, and any other person or entity acting or purporting to act, on MarkMonitor's behalf.

10.      "Peer-to-peer file sharing technologies" shall include websites, other locations on the Internet or other networks, services, products, applications, apps, software, hardware, programs or programming, code, computer-based products, and/or any similar or related program, product or technology that are or may be used to electronically transfer and/or electronically share files among users, including those that utilize BitTorrent technology or other related protocols including, without limitation, uTorrent, eMule, and DC++.

11.      "Person" shall refer to any natural person, firm, association, partnership, government agency, or other entity and its officers, directors, partners, employees, former employees, representatives and agents.

12.      "Your System" shall refer to Your system for fingerprinting, identifying, and/or verifying copyright works.

13.      "This litigation" shall refer to *Warner Records Inc. (f/k/a Warner Bros. Records Inc.), et al. v. Charter Communications, Inc.*, Case No. 19-cv-00874-RBJ-MEH, pending in the United States District Court for the District of Colorado.

14.      "And" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope, and the use of the singular form of any word includes the plural and vice versa.

15.      "Any" and "all" shall mean one or more.

16.     "Date" shall mean the exact day, month and year, if ascertainable; and if not ascertainable, the closest approximation that can be made by means of relationship to other events, locations or matters.

17.     "Reflecting," "referring," "relating to," "concerning" or any derivation thereof shall mean, without limitation, consisting of, constituting, containing, mentioning, describing, summarizing, evidencing, listing, indicating, analyzing, explaining, supporting, undermining, contradicting, concerning, pertaining to, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected with the matter discussed.

18.     "Including" shall mean without limitation.

19.     "Writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001.

20.     Unless the request specifically states otherwise, references to the singular shall include the plural and vice versa; references to one gender shall include the other gender; references to the past including the present and vice versa; and disjunctive terms include the conjunctive and vice versa.

## INSTRUCTIONS

1.     Each requested document shall be produced in its entirety, including all attachments and enclosures. If a portion of a document is responsive to a request, produce the entire document, including all attachments, enclosures, "post-it"-type notes, and any other matter physically attached to the document. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

2.     Furnish all available documents in Your possession, custody, or control. You must search computerized files, emails, voice mails, work files, desk files, calendars and diaries, and

any other locations and sources if the requested materials might plausibly exist there.

3.      If You do not possess information to answer any request for documents, You are under a duty to make a reasonable effort to obtain such information.

4.      Produce electronic records and computerized information in an intelligible format, together with a description of the system from which they came, sufficient to permit rendering the records and information intelligible.

5.      Select and number the documents with sufficient information to ensure identification of the source and sequence of each document.

6.      If, in responding these document requests, You assert a privilege to any particular request, You must identify the nature of the privilege (including attorney work product) that is being claimed, and, if the privilege is governed by state law, indicate the state's privilege rule being invoked. In addition, You must sufficiently describe and identify the privilege to permit Cox and the Court to make an informed decision as to whether the matter is indeed privileged.

7.      If You seek to withhold any information based on some limitation of discovery (including, but not limited to, a claim of privilege) applicable to any document, provide all parts of the document within the scope of the requests that are not subject to privilege. For each item of information contained in a document to which You claim privilege, provide at least the following:

a)      the privilege You are asserting and the factual basis;

b)      the names and positions of the author of the document and all other persons participating in the preparation of the document;

c)      the name and position of each individual or other person who received the information in the document;

d)      the date of the document;

  e)  a description of any accompanying material transmitted with or attached to such document;

  f)  the number of pages in the document;

  g)  the particular request to which the document is responsive;

  h)  whether the document has any discussion of business or non-legal matters; and

  i)  the steps You took to ensure the confidentiality of the document.

For email or message threads that contain multiple emails/messages, provide the above information for each email/message.

  8.  If Your response to a particular request is a statement that You lack the ability to furnish documents in that request, You must specify whether the inability to comply is because the particular item of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer in Your possession, custody, or control, in which case identify the name and address of any person or entity You know or believe to have possession, custody, or control of that information.

  9.  If a document once existed and has later been lost, destroyed, or otherwise missing, please identify the document and state the details concerning the disposition of the document.

  10.  If, in responding to these document requests, You claim any ambiguity in interpreting either a request or a definition or instruction applicable thereto, such claim shall not be utilized by You as a basis for refusing to respond, but You shall set forth as part of Your response to the request the language deemed to be ambiguous and the interpretation You choose to use in responding to the request.

  11.  If You have a good-faith objection to any request or any part of any request, state the specific nature of the objection and whether it applies to the entire request or to specific parts

of a request. If the objection relates to only a part or parts of a request, identify the objectionable

part or parts and identify or produce any and all documents responsive to the remaining parts.

12.     Unless otherwise specified in the Request, the time period for each of the Requests

shall run from January 1, 2008 to present.

## REQUESTS FOR PRODUCTION

1.     All Documents and Communications concerning any agreement between You and

any Plaintiff(s).

2.     All Documents and Communications concerning any agreement between You and

the RIAA.

3.     All Documents and Communications concerning any agreement between You and

MarkMonitor.

4.     All Communications between You and any of Charter's subscribers.

5.     Any presentation, solicitation, or proposal to MarkMonitor or the RIAA concerning

Your System.

6.     All Communications between You and Plaintiffs concerning the Copyright Works.

7.     All Communications between You and the RIAA concerning the Copyright Works.

8.     All Communications between You and the RIAA concerning the functionality or

operation of Your System, including any promotional or marketing materials, manuals, data

sheets, or any other technical materials provided to MarkMonitor.

9.     All Communications between You and MarkMonitor concerning the Copyright

Works.

10.     All Communications between You and MarkMonitor concerning the functionality

or operation of Your System, including any promotional or marketing materials, manuals, data

sheets, or any other technical materials provided to MarkMonitor.

11.     All Documents provided by the RIAA, Plaintiffs, MarkMonitor, or any other third party to You concerning the fingerprinting, identifying, or verifying alleged instances of copyright infringement of the Copyright Works, including a copy of any database containing reference copies of Copyright Works or digital fingerprints of Copyright Works and any communications between you and RIAA, Plaintiffs, MarkMonitor, or any other third party concerning any such database.

12.     Copies of all files, or portions, or derivatives thereof (including any hashes, digital fingerprints, or checksums of files or portions of files) used by You as a reference for the purposes of fingerprinting, identifying, or verifying that files or digital fingerprints submitted by MarkMonitor are copies of the Copyright Works, and documents sufficient to identify the source of those copies.

13.     All documents concerning the "level" or "type" of matching performed by You.

14.     Copies of all files, or portions or derivatives thereof (including any hashes, digital fingerprints, or checksums of files or portions of files), submitted to you by MarkMonitor for the purpose of utilizing Your System to determine whether the submitted file matched any file or digital fingerprint or any file in any database maintained by you.

15.     Any databases, indices, or other repositories of information concerning the results of any fingerprinting, identification, and/or verification conducted by Your System of any files or portions or derivatives thereof (including hashes, digital fingerprints, or checksums of file or portions of files) submitted to you by MarkMonitor on behalf of RIAA or any of the Plaintiffs, including but not limited to "transaction logs" memorializing the results of such results.

16.     Documents sufficient to show the operation of Your process of matching or comparing files with copies of the Copyright Works.

17.     Documents sufficient to show the settings of any threshold parameters and/or

configurations in Your System, including the duration of the audio clips that were compared.

18.     All Documents and Communications, including data, sent from You to MarkMonitor concerning Your System's fingerprinting, identification, or verification of the files or derivatives thereof sent to you by MarkMonitor on behalf of RIAA or any of the Plaintiffs.

19.     All Documents and Communications, including data, compiled or generated by You concerning Your System's fingerprinting, identification, or verification of the files or derivatives thereof sent to you by MarkMonitor on behalf of RIAA or any of the Plaintiffs.

20.     The source code for one copy of each version of Your System that was in use from March 2013 to May 2016 and that was used to fingerprint, identify, and/or verify the Copyright Works.

21.     One copy of executable code of each version of Your System that was in use from March 2013 to May 2016, as it was configured during the period of March 2013 to May 2016, and in executable format/form.

22.     All Documents concerning the configuration of Your System, including thresholds and settings, and any changes to the configurations of Your System during the period of march 2013 and May 2016.

23.     All Documents concerning the revision history of Your System and the associated source code.

24.     All guidelines, manuals, and other documents concerning the operation of Your System.

25.     Documents sufficient to show payments made to You from any Plaintiff(s), the RIAA, and/or MarkMonitor for Your services relating to the fingerprinting, identification, and/or verification of files or derivatives thereof submitted to you by MarkMonitor for determination as to whether said files or derivatives thereof are copies of the Copyright Works, including billing

records.

26.     All Documents and Communications concerning the efficacy of Your System, including its flaws, weaknesses, the need for potential improvements, false positives, and any proposed and/or implemented remediation of any such flaws or weaknesses.

27.     All Documents, including but not limited to analyses and reports, concerning the accuracy of your system, including false positives rates associated with Your System.

28.     All Documents concerning any financial interest, whether actual or contingent, You have in an actual or potential recovery by any Plaintiff or group of Plaintiffs in this litigation.

29.     All Documents concerning any proposed agreement between one or more copyright owners, and one or more ISP's, concerning the handling of notices of copyright infringement.

30.     All Documents and Communications concerning any limits on the number of copyright infringement notices accepted by any ISP.

31.     All Documents constituting, comprising, or evidencing Your policies for document management, preservation, storage, indexing, and disposal.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Erin R. Ranahan,Esq \| SBN:  Bar No.235286<br>WINSTON & STRAWN LLP<br>333 S Grand Avenue 37th Floor   Los Angeles, CA 90071<br><br>TELEPHONE NO.: (213) 615-1324 \| FAX NO. (213) 615-1750 \| E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name):* Defendant: | |

| UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO | |
|---|---|
| STREET ADDRESS:<br>CITY AND ZIP CODE: COLORADO, CO<br>BRANCH NAME: | |

| PLAINTIFF/PETITIONER: Warner Records Inc. (f/k/a Warner Bros. Records Inc.) et al.<br>DEFENDANT/RESPONDENT: Charter Communications, Inc. | CASE NUMBER:<br>19-cv-00874-RBJ-MEH |
|---|---|

| PROOF OF SERVICE | Hearing Date:<br>1/15/2020 | Day | Hearing Time:<br>5:00 PM | Dept: | Ref. No. or File No.:<br>014804.00012 |
|---|---|---|---|---|---|

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION
I SERVED COPIES OF THE FOLLOWING DOCUMENTS:

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

PARTY SERVED: **Audible Magic Corporation**

PERSON SERVED: **Corp2000, Registered Agent, by serving Chris Ivy - Authorized Agent**

DATE & TIME OF DELIVERY: **12/20/2019<br>2:54 PM**

ADDRESS, CITY, AND STATE: **720 14th St.<br>Sacramento, CA 95814**

PHYSICAL DESCRIPTION: **Age: 20's        Weight: 190 lbs        Hair: Brown<br>Sex: Male        Height: 6'1"        Eyes: N/A<br>Skin: African American        Marks:**

MANNER OF SERVICE:
**Personal Service - By personally delivering copies.**

Fee for Service: **$ 271.45**

N County:
Registration No.:
**Nationwide Legal, LLC Reg: 12-234648<br>1609 James M Wood Blvd.<br>Los Angeles, CA 90015<br>(213) 249-9999<br>Ref: 014804.00012**

I declare under penalty of perjury under the laws of the The United States that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on **December 27, 2019**.

Signature: _____

**Michael Romero**

**PROOF OF SERVICE**

982(a)(23)[New July 1, 1987]                                                                 Order#: LA30595/General

# Exhibit 2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

|  |  |  |
|---|---|---|
| WARNER RECORDS, Inc. (f/k/a WARNER BROS. RECORDS INC.), *et al.* | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 19-cv-00874-RBJ-MEH |
| v. | ) ) | |
| CHARTER COMMUNICATIONS, INC. | ) ) | |
| Defendant. | ) ) ) | |

**AUDIBLE MAGIC'S RESPONSES TO CHARTER COMMUNICATION, INC.'S**
**REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Colorado ("the Local Rules"), Third Party Audible Magic Corporation ("Audible Magic") hereby responds to the Requests for the Production of Documents served by Defendant Charter Communications, Inc. ("Charter").

Audible Magic's responses and subsequent production of documents are based upon information presently available to and located by Audible Magic. The responses and subsequent production of documents are intended to be without prejudice to Audible Magic's ability to produce additional responsive documents. As such, these responses and subsequent production of documents are subject to supplementation as discovery in this case progresses, should future investigation indicate that supplementation is necessary.

## General Objections

The following objections apply to each of the requests. To the extent any specific objection is also made to a particular request, Audible Magic does not intend to waive or otherwise limit these general objections.

1. By producing documents in response to any request, Audible Magic does not admit that the documents are relevant or admissible at any hearing or trial in this action.

2. Audible Magic objects to each request as unduly burdensome and lacking proper foundation to the extent it calls for a legal conclusion. None of Audible Magic's responses or subsequent production of documents shall be construed as stating or implying a conclusion of law.

3. Audible Magic objects to the Definitions and Instructions to the extent they purport to impose obligations on Audible Magic that are inconsistent with, not found in, or exceed the requirements of the Federal Rules of Civil Procedure, the Local Rules, or any court order or directive.

4. Audible Magic objects to each request to the extent it seeks documents and things that are not relevant to any claim or defense in this action, or documents and things that are not proportional to the needs of the case.

5. Audible Magic objects to each request to the extent it seeks documents and things that are protected from discovery by the attorney-client privilege, the attorney work-product immunity, or any other applicable privilege or immunity. Any inadvertent disclosure of privileged information is not intended, and should not be construed by any party as a waiver of privilege.

6.      Audible Magic objects to each request as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent it seeks documents or things not in Audible Magic's possession, custody, or control.

7.      Audible Magic objects to each request as unduly burdensome and imposing unnecessary expense to the extent it seeks documents and things that are available in the public domain, and therefore are equally accessible to Charter.

8.      Audible Magic objects to each request as unduly burdensome and imposing unnecessary expense to the extent it seeks documents and things that are already in Charter's possession, custody, or control.

9.      Audible Magic objects to each request to the extent it seeks documents and things that contain a nonparty's proprietary or confidential information that is subject to a nondisclosure or confidentiality agreement, unless the nonparty consents to disclosure.

10.     Audible Magic objects to Charter's definition of "You" and "Your" as vague, overly broad, unduly burdensome, unlimited in time and scope, not described with reasonable particularity, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it includes all of Audible Magic's "all past and present predecessors, successors, subsidiaries, affiliates, and parent companies, and all past and present directors, officers, partners, employees, agents, or representatives.," without limitation. Audible Magic also objects to this definition on the same grounds to the extent it encompasses persons or entities that are not under Audible Magic's control, or to the extent it purports to require Audible Magic to provide information, or produce documents or things, that are not under Audible Magic's control.

11.     Audible Magic objects to Charter's definitions of "document" and "communication" to the extent they purport to impose obligations on Audible Magic that are

inconsistent with, not found in, or exceed the requirements of the Federal Rules of Civil Procedure, the Local Rules, or any court order or directive.

12.    Audible Magic objects to each request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks production of "all" documents and communications concerning specified subject matter, regardless of the quantum or materiality of the information that may be contained in such documents and communications.

### Specific Objections and Responses

### Request No. 1

All Documents and Communications concerning any agreement between You and any Plaintiff(s).

### Response

In addition to the foregoing general objections, Audible Magic objects to this request to the extent it seeks documents and communications that are protected from discovery by the attorney-client privilege, the attorney work-product immunity, or any other applicable privilege or immunity. Audible Magic further objects to this request as seeking documents that are already in Charter's possession, custody, or control, or otherwise available to Charter from the Plaintiffs, and on the grounds that it subjects Audible Magic to unreasonable burden and undue expense to the extent it requests "all documents and communications," without limitation.

Subject to the foregoing general and specific objections, Audible Magic will produce responsive, non-privileged documents to the extent they exist in Audible Magic's possession, custody, or control and can be located through a reasonable search.

### Request No. 2

All Documents and Communications concerning any agreement between You and the RIAA.

**Response**

In addition to the foregoing general objections, Audible Magic objects to this request to the extent it seeks documents and communications that are protected from discovery by the attorney-client privilege, the attorney work-product immunity, or any other applicable privilege or immunity. Audible Magic further objects to this request as seeking documents that are already in Charter's possession, custody, or control, or otherwise available to Charter from the Plaintiff, and on the grounds that it subjects Audible Magic to unreasonable burden and undue expense to the extent it requests "all documents and communications," without limitation.

Subject to the foregoing general and specific objections, Audible Magic will produce responsive, non-privileged documents to the extent they exist in Audible Magic's possession, custody, or control and can be located through a reasonable search.

**Request No. 3**

All Documents and Communications concerning any agreement between You and MarkMonitor.

**Response**

In addition to the foregoing general objections, Audible Magic objects to this request to the extent it seeks documents and communications that are protected from discovery by the attorney-client privilege, the attorney work-product immunity, or any other applicable privilege or immunity. Audible Magic further objects to this request on the grounds that it subjects Audible Magic to unreasonable burden and undue expense to the extent it requests "all documents and communications," without limitation.

Subject to the foregoing general and specific objections, Audible Magic will produce responsive, non-privileged documents to the extent they exist in Audible Magic's possession, custody, or control and can be located through a reasonable search.

**Request No. 4**

All Communications between You and any of Charter's subscribers.

**Response**

In addition to the foregoing general objections, Audible objects to this request to the extent it seeks documents and communications that are protected from discovery by the attorney-client privilege, the attorney work-product immunity, or any other applicable privilege or immunity. Audible Magic further objects to this request on the grounds that it subjects Audible Magic to unreasonable burden and undue expense to the extent it requests "all communications," without limitation.

Subject to the foregoing general and specific objections, Audible Magic responds that it has no such documents.

**Request No. 5**

Any presentation, solicitation, or proposal to MarkMonitor or the RIAA concerning Your System.

**Response**

Subject to the foregoing general objections, Audible Magic will produce responsive, non-privileged documents to the extent they exist in Audible Magic's possession, custody, or control and can be located through a reasonable search.

**Request No. 6**

All Communications between You and Plaintiffs concerning the Copyright Works.

**Response**

In addition to the foregoing general objections, Audible Magic objects to this request as seeking documents that are already in Charter's possession, custody, or control, or otherwise available to Charter from the Plaintiffs, and on the grounds that it subjects Audible Magic to

unreasonable burden and undue expense, as the dispute between Plaintiffs and Defendant here involves 7235 sound recordings and 4247 musical compositions.

**Request No. 7**

All Communications between You and the RIAA concerning the Copyright Works.

**Response**

In addition to the foregoing general objections, Audible Magic objects to this request as seeking documents that are already in Charter's possession, custody, or control, or otherwise available to Charter from the Plaintiffs, and on the grounds that it subjects Audible Magic to unreasonable burden and undue expense, as the dispute between Plaintiffs and Defendant here involves 7235 sound recordings and 4247 musical compositions.

**Request No. 8**

All Communications between You and the RIAA concerning the functionality or operation of Your System, including any promotional or marketing materials, manuals, data sheets, or any other technical materials provided to MarkMonitor.

**Response**

In addition to the foregoing general objections, Audible Magic objects to this request as seeking documents that are already in Charter's possession, custody, or control, or otherwise available to Charter from the Plaintiffs, and on the grounds that it subjects Audible Magic to unreasonable burden and undue expense to the extent it requests "all communications," without limitation.

Subject to the foregoing general and specific objections, Audible Magic will produce responsive, non-privileged documents to the extent they exist in Audible Magic's possession, custody, or control and can be located through a reasonable search.

**Request No. 9**

All Communications between You and MarkMonitor concerning the Copyright Works.

**Response**

In addition to the foregoing general objections, Audible Magic objects on the grounds that this request subjects Audible Magic to unreasonable burden and undue expense, as the dispute between Plaintiffs and Defendant here involves 7235 sound recordings and 4247 musical compositions.

**Request No. 10**

All Communications between You and MarkMonitor concerning the functionality or operation of Your System, including any promotional or marketing materials, manuals, data sheets, or any other technical materials provided to MarkMonitor.

**Response**

In addition to the foregoing general objections, Audible Magic objects to this request on the grounds that it subjects Audible Magic to unreasonable burden and undue expense to the extent it seeks "all communications" without limitation." Audible Magic further objects to this request as duplicative of Request No. 24.

Subject to the foregoing general objections, Audible Magic will produce responsive, non-privileged documents to the extent they exist in Audible Magic's possession, custody, or control and can be located through a reasonable search.

**Request No. 11**

All Documents provided by the RIAA, Plaintiffs, MarkMonitor, or any other third party to You concerning the fingerprinting, identifying, or verifying alleged instances of copyright infringement of the Copyright Works, including a copy of any database containing reference copies of Copyright Works or digital fingerprints of Copyright Works and any communications between you and RIAA, Plaintiffs, MarkMonitor, or any other third party concerning any such database.

**Response**

In addition to the foregoing general objections, Audible Magic objects to this request as seeking documents that are already in Charter's possession, custody, or control, or otherwise available to Charter from the Plaintiffs, and on the grounds that it subjects Audible Magic to unreasonable burden and undue expense to the extent it references "all documents" without limitation. Audible Magic further objects to the term "third party" as vague and ambiguous.

Subject to the foregoing general and specific objections, Audible Magic will produce responsive, non-privileged documents to the extent they exist in Audible Magic's possession, custody, or control and can be located through a reasonable search.

**Request No. 12**

Copies of all files, or portions, or derivatives thereof (including any hashes, digital fingerprints, or checksums of files or portions of files) used by You as a reference for the purposes of fingerprinting, identifying, or verifying that files or digital fingerprints submitted by MarkMonitor are copies of the Copyright Works, and documents sufficient to identify the source of those copies.

**Response**

In addition to the foregoing general objections, Audible Magic objects to this request on the grounds that it subjects Audible Magic to unreasonable burden and undue expense. The Audible Magic reference database is dynamic, extremely large, and past copies of the reference database do not exist.

**Request No. 13**

All documents concerning the "level" or "type" of matching performed by You.

**Response**

In addition to the foregoing general objections, Audible Magic objects to this request as duplicative of Request No. 24.

Subject to the foregoing general and specific objections, Audible Magic will produce responsive, non-privileged documents to the extent they exist in Audible Magic's possession, custody, or control and can be located through a reasonable search.

**Request No. 14**

Copies of all files, or portions or derivatives thereof (including any hashes, digital fingerprints, or checksums of files or portions of files), submitted to you by MarkMonitor for the purpose of utilizing Your System to determine whether the submitted file matched any file or digital fingerprint or any file in any database maintained by you.

**Response**

Subject to the foregoing general objections, Audible Magic objects to this request to the extent it calls for production of "files, or portions or derivatives thereof" that MarkMonitor submitted to Audible Magic for utilization of Audible Magic's system as these files do not exist.

Subject to the foregoing general and specific objections, Audible Magic will produce responsive, non-privileged documents to the extent they exist in Audible Magic's possession, custody, or control and can be located through a reasonable search.

**Request No. 15**

Any databases, indices, or other repositories of information concerning the results of any fingerprinting, identification, and/or verification conducted by Your System of any files or portions or derivatives thereof (including hashes, digital fingerprints, or checksums of file or portions of files) submitted to you by MarkMonitor on behalf of RIAA or any of the Plaintiffs, including but not limited to "transaction logs" memorializing the results of such results.

**Response**

In addition to the foregoing general objections, Audible Magic objects to this request as seeking documents that are already in Charter's possession, custody, or control, or otherwise available to Charter from the Plaintiffs, and on the grounds that it subjects Audible Magic to unreasonable burden and undue expense to the extent it calls for production of Audible Magic's reference database.

Subject to the foregoing general and specific objections, Audible Magic will produce responsive, non-privileged documents to the extent they exist in Audible Magic's possession, custody, or control and can be located through a reasonable search.

**Request No. 16**

Documents sufficient to show the operation of Your process of matching or comparing files with copies of the Copyright Works.

**Response**

In addition to the foregoing general objections, Audible Magic objects to the phrase "operation of Your process of matching or comparing files with copies of the Copyright Works" as vague and ambiguous. Audible Magic further objects to this request as duplicative of Request No. 24.

Subject to the foregoing general and specific objections, Audible Magic will produce responsive, non-privileged documents to the extent they exist in Audible Magic's possession, custody, or control and can be located through a reasonable search.

**Request No. 17**

Documents sufficient to show the settings of any threshold parameters and/or configurations in Your System, including the duration of the audio clips that were compared.

**Response**

In addition to the foregoing general objections, Audible Magic further objects to this request as duplicative of Request No. 24.

Subject to the foregoing general objections, Audible Magic will produce responsive, non-privileged documents to the extent they exist in Audible Magic's possession, custody, or control and can be located through a reasonable search.

**Request No. 18**

All Documents and Communications, including data, sent from You to MarkMonitor concerning Your System's fingerprinting, identification, or verification of the files or derivatives thereof sent to you by MarkMonitor on behalf of RIAA or any of the Plaintiffs.

**Response**

In addition to the foregoing general objections, Audible Magic objects to this request as seeking documents that are already in Charter's possession, custody, or control, or otherwise available to Charter from the Plaintiffs, and on the grounds that it subjects Audible Magic to unreasonable burden and undue expense to the extent it calls for production of "all documents and communications." Audible Magic further objects to this request as duplicative of Request No. 15.

Subject to the foregoing general and specific objections, Audible Magic will produce responsive, non-privileged documents to the extent they exist in Audible Magic's possession, custody, or control and can be located through a reasonable search.

**Request No. 19**

All Documents and Communications, including data, compiled or generated by You concerning Your System's fingerprinting, identification, or verification of the files or derivatives thereof sent to you by MarkMonitor on behalf of RIAA or any of the Plaintiffs.

**Response**

In addition to the foregoing general objections, Audible Magic objects to this request as seeking documents that are already in Charter's possession, custody, or control, or otherwise available to Charter from the Plaintiffs, and on the grounds that it subjects Audible Magic to unreasonable burden and undue expense to the extent it calls for production of "all documents and communications." Audible Magic further objects to this request as duplicative of Request Nos. 15 and 18.

Subject to the foregoing general and specific objections, Audible Magic will produce responsive, non-privileged documents to the extent they exist in Audible Magic's possession, custody, or control and can be located through a reasonable search.

**Request No. 20**

The source code for one copy of each version of Your System that was in use from March 2013 to May 2016 and that was used to fingerprint, identify, and/or verify the Copyright Works.

**Response**

In addition to the forgoing general objections, Audible Magic objects to the request as overly broad and unduly burdensome to the extent it references the 7235 sound recordings and 4247 musical compositions at issue in this case.

Subject to the foregoing general and specific objections, Audible Magic will make available the source code for its software used by MarkMonitor at undersigned counsel's office in San Francisco, subject to appropriate agreed terms regarding access and use of any such code, embodied in a protective order or otherwise agreed to by Audible Magic.

**Request No. 21**

One copy of executable code of each version of Your System that was in use from March 2013 to May 2016, as it was configured during the period of March 2013 to May 2016, and in executable format/form.

**Response**

Subject to the foregoing general objections, Audible Magic will make available one executable copy of its system in executable format at undersigned counsel's office in San Francisco, subject to appropriate agreed terms regarding access and use of any such code, embodied in a protective order or otherwise agreed to by Audible Magic.

**Request No. 22**

All Documents concerning the configuration of Your System, including thresholds and settings, and any changes to the configurations of Your System during the period of March 2013 and May 2016.

**Response**

In addition to the foregoing general objections, Audible Magic objects to this request on the grounds that it subjects Audible Magic to unreasonable burden and undue expense to the extent it seeks "all documents," without limitation.  Audible Magic further objects to this request as duplicative of Request No. 24.

Subject to the foregoing general and specific objections, Audible Magic will produce responsive, non-privileged documents to the extent they exist in Audible Magic's possession, custody, or control and can be located through a reasonable search.

**Request No. 23**

All Documents concerning the revision history of Your System and the associated source code.

**Response**

In addition to the forgoing general objections, Audible Magic objects to the request as overly broad, unduly burdensome to the extent it seeks "all documents," without limitation.

Subject to the foregoing general and specific objections, Audible Magic will make available the revision history of its source code at undersigned counsel's office in San Francisco, subject to appropriate agreed terms regarding access and use of any such material, embodied in a protective order or otherwise agreed to by Audible Magic.

**Request No. 24**

All guidelines, manuals, and other documents concerning the operation of Your System.

- 14 -

**Response**

In addition to the foregoing general objections, Audible Magic objects to this request on the grounds that it subjects Audible Magic to unreasonable burden and undue expense to the extent it is seeking all documents concerning the operation of Audible Magic's system.

Subject to the foregoing general and specific objections, Audible Magic will produce responsive, non-privileged documents to the extent they exist in Audible Magic's possession, custody, or control and can be located through a reasonable search.

**Request No. 25**

Documents sufficient to show payments made to You from any Plaintiff(s), the RIAA, and/or MarkMonitor for Your services relating to the fingerprinting, identification, and/or verification of files or derivatives thereof submitted to you by MarkMonitor for determination as to whether said files or derivatives thereof are copies of the Copyright Works, including billing records.

**Response**

Subject to the foregoing general objections, Audible Magic will produce responsive, non-privileged documents to the extent they exist in Audible Magic's possession, custody, or control and can be located through a reasonable search.

**Request No. 26**

All Documents and Communications concerning the efficacy of Your System, including its flaws, weaknesses, the need for potential improvements, false positives, and any proposed and/or implemented remediation of any such flaws or weaknesses.

**Response**

In addition to the foregoing general objections, Audible Magic objects to the terms "efficacy of Your System, including its flaws, weaknesses, the need for potential improvements, false positives, and any proposed and/or implemented remediation of any such flaws or weaknesses" as vague and ambiguous. Audible Magic further objects to this request to the extent

it seeks confidential information of third-parties to whom Audible Magic owes a duty of nondisclosure or confidentiality. Audible Magic further objects to this request as overly broad, unduly burdensome, not relevant to any party's claims or defenses, and not proportional to the needs of the case to the extent it seeks information regarding any involvement by any third party, without limitation.

Subject to the foregoing general and specific objections, Audible Magic will produce responsive, non-privileged documents to the extent they exist in Audible Magic's possession, custody, or control and can be located through a reasonable search.

**Request No. 27**

All Documents, including but not limited to analyses and reports, concerning the accuracy of your system, including false positives rates associated with Your System.

**Response**

In addition to the foregoing general objections, Audible Magic objects to the terms "the accuracy of your system, including false positives rates associated with Your System" as vague and ambiguous. Audible Magic objects to this request to the extent it seeks confidential information of third-parties to whom Audible Magic owes a duty of nondisclosure or confidentiality. Audible Magic further objects to this request as overly broad, unduly burdensome, not relevant to any party's claims or defenses, and not proportional to the needs of the case to the extent it seeks information regarding any involvement by any third party, without limitation.

Subject to the foregoing general and specific objections, Audible Magic will produce responsive, non-privileged documents to the extent they exist in Audible Magic's possession, custody, or control and can be located through a reasonable search.

**Request No. 28**

All Documents concerning any financial interest, whether actual or contingent, You have in an actual or potential recovery by any Plaintiff or group of Plaintiffs in this litigation.

   **Response**

In addition to the foregoing general objections, Audible objects to this request to the extent it seeks documents and communications that are protected from discovery by the attorney-client privilege, the attorney work-product immunity, or any other applicable privilege or immunity.

Subject to the foregoing general and specific objections, Audible Magic responds that it has no such documents.

**Request No. 29**

All Documents concerning any proposed agreement between one or more copyright owners, and one or more ISP's concerning the handling of notices of copyright infringement.

   **Response**

In addition to the foregoing general objections, Audible objects to this request to the extent it seeks documents and communications that are protected from discovery by the attorney-client privilege, the attorney work-product immunity, or any other applicable privilege or immunity.

Subject to the foregoing general and specific objections, Audible Magic responds that it has no such documents.

**Request No. 30**

All Documents and Communications concerning any limits on the number of copyright infringement notices accepted by any ISP.

   **Response**

In addition to the foregoing general objections, Audible objects to this request to the extent it seeks documents and communications that are protected from discovery by the attorney-client privilege, the attorney work-product immunity, or any other applicable privilege or immunity.

Subject to the foregoing general and specific objections, Audible Magic responds that it has no such documents.

## Request No. 31

All Documents constituting, comprising, or evidencing Your policies for document management, preservation, storage, indexing, and disposal.

### Response

In addition to the foregoing general objections, Audible objects to this request to the extent it seeks documents and communications that are protected from discovery by the attorney-client privilege, the attorney work-product immunity, or any other applicable privilege or immunity.

Subject to the foregoing general and specific objections, Audible Magic will produce responsive, non-privileged documents to the extent they exist in Audible Magic's possession, custody, or control and can be located through a reasonable search.

CROWELL & MORING LLP

Gabriel M. Ramsey
Kayvan Ghaffari
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
415-365-7207
gramsey@crowell.com
kghaffari@crowell.com

Joshua M. Rychlinski
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004
202-624-2688
jrychlinski@crowell.com
*Attorneys for Audible Magic Corporation*

**Certificate of Service**

I certify that I served this document via email on counsel for Defendant on January 29, 2020.

/s Joshua Rychlinski
Joshua M. Rychlinski

# Exhibit 3

| | |
|---|---|
| **From:** | Coorg, Shilpa |
| **Sent:** | Wednesday, April 15, 2020 11:26 AM |
| **To:** | Rychlinski, Joshua |
| **Cc:** | Ranahan, Erin; Golinveaux, Jennifer; Brody, Michael; Padmanabhan, Krishnan; Ramsey, Gabriel; Ghaffari, Kayvan |
| **Subject:** | RE: Audible Magic Subpoena Responses |

Thanks for letting us know, Josh.  Please do keep us updated.

Regards,

Shilpa A. Coorg
Associate Attorney
Winston & Strawn LLP
D: +1 213-615-1933
F: +1 213-615-1750
http://www.winston.com

-----Original Message-----
From: Rychlinski, Joshua <JRychlinski@crowell.com>
Sent: Tuesday, April 14, 2020 6:54 PM
To: Coorg, Shilpa <SCoorg@winston.com>
Cc: Ranahan, Erin <ERanahan@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Brody, Michael <MBrody@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>; Ramsey, Gabriel <GRamsey@crowell.com>; Ghaffari, Kayvan <KGhaffari@crowell.com>
Subject: RE: Audible Magic Subpoena Responses

Hi Shilpa -

We should be in a position to produce on Friday.  If, as the week progresses, that does not look to be the case, I will let you know.

Best,
Josh

Joshua M. Rychlinski | Counsel
Crowell & Moring
LLP | https://nam10.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.crowell.com%2F&amp;data=02%7C0
1%7CSCoorg%40winston.com%7C9a808521a5ab4d02208e08d7e0dfe809%7C12a8aae45e2f4ad8adab9375a84aa3e5%7
C0%7C0%7C637225124602157687&amp;sdata=cEEwGH7irYOhjjMJzgZRyENApvh%2BmyQGdRp%2BzNxeqbc%3D&amp;r
eserved=0
1001 Pennsylvania Avenue NW
Washington, DC 20004
Office: 1.202.624.2688 | Mobile: 1.248.302.7887 jrychlinski@crowell.com

-----Original Message-----
From: Coorg, Shilpa [mailto:SCoorg@winston.com]

1

Sent: Monday, April 13, 2020 9:00 PM
To: Rychlinski, Joshua
Cc: Ranahan, Erin; Golinveaux, Jennifer; Brody, Michael; Padmanabhan, Krishnan; Ramsey, Gabriel; Ghaffari, Kayvan
Subject: Re: Audible Magic Subpoena Responses

External Email

Hi Josh,
Please let us know by noon tomorrow (PT) the date by which we can expect the production.

Regards,
Shilpa

On Apr 13, 2020, at 5:50 PM, Rychlinski, Joshua <JRychlinski@crowell.com> wrote:

Hi Shilpa –

I apologize for delay.  We are working on finalizing the production and I will keep you apprised of our progress.

Best,
Josh

Joshua M. Rychlinski | Counsel

Crowell & Moring LLP |

https://nam10.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.crowell.com%2F&amp;data=02%7C01%7CSCoorg%40winston.com%7C9a808521a5ab4d02208e08d7e0dfe809%7C12a8aae45e2f4ad8adab9375a84aa3e5%7C0%7C0%7C637225124602157687&amp;sdata=cEEwGH7irYOhjjMJzgZRyENApvh%2BmyQGdRp%2BzNxeqbc%3D&amp;reserved=0<https://nam10.safelinks.protection.outlook.com/?url=https%3A%2F%2Furldefense.proofpoint.com%2Fv2%2Furl%3Fu%3Dhttps-3A__nam10.safelinks.protection.outlook.com_-3Furl-3Dhttps-253A-252F-252Furldefense.proofpoint.com-252Fv2-252Furl-253Fu-253Dhttp-2D3A-5F-5Fwww.crowell.com-2526d-253DDQMGaQ-2526c-253Dt0wRGL5ICVzH157W8C8Wew-2526r-253DhcDgmtwQW6afEirOZUZJyWH8Oli1FsH40-5F4OB7ic3ho-2526m-253DQktFXP6QSv3dLfSoqOFHAnuOEPVGDZmDT0Jo35C0TTI-2526s-253De4jQFdyw7ekXVEBjgA9417S10yO4eVolQ-2DdGT1uJC1A-2526e-253D-26data-3D02-257C01-257CSCoorg-2540winston.com-257C4ff770c2425b470e243408d7e00dd26e-257C12a8aae45e2f4ad8adab9375a84aa3e5-257C0-257C0-257C637224222308771868-26sdata-3DYjGce0IJWr9maUDMxNq9F9Ersv3O8eitEJkqCEBlThw-253D-26reserved-3D0%26d%3DDwIGaQ%26c%3DAnw7wKLFSGyH7zEzIqo-zgMRy5HE-AH-SibmOy3H7xE%26r%3Dk_LtXeOnKwxyyh3MpXxlSqpNo-DzKd1AVBn602rWHPI%26m%3D7bdVXgGaFHNBTtIPxJPYcAW7JiJDFQx4n0eRTz13qR8%26s%3DuXayByJ_NkaqAuS_iShZPybFE5FnB3KCpMMIsCTRDs8%26e%3D&amp;data=02%7C01%7CSCoorg%40winston.com%7C9a808521a5ab4d02208e08d7e0dfe809%7C12a8aae45e2f4ad8adab9375a84aa3e5%7C0%7C0%7C637225124602167677&amp;sdata=xgGzpE7WN3QKAvkNYgwDs0g3G4RU5BLLswR95JdB%2Fhw%3D&amp;reserved=0 >

1001 Pennsylvania Avenue NW

Washington, DC 20004

Office: 1.202.624.2688 | Mobile: 1.248.302.7887

jrychlinski@crowell.com<mailto:jrychlinski@crowell.com>

From: Coorg, Shilpa [mailto:SCoorg@winston.com]
Sent: Friday, April 10, 2020 5:15 PM
To: Rychlinski, Joshua; Ranahan, Erin; Golinveaux, Jennifer; Brody, Michael; Padmanabhan, Krishnan
Cc: Ramsey, Gabriel; Ghaffari, Kayvan
Subject: RE: Audible Magic Subpoena Responses

External Email
Hi Josh,
I understood from your email below that we would be getting a final production from Audible Magic last Friday, April 3, but we still have not received it.  I followed up by email and left you a voicemail as well, and did not hear back from you. We, of course, understand if a COVID related issue has delayed the production, but we would appreciate an update and assurance that we will be getting the documents in the next few days.  Please let me know as soon as possible.

Regards,

Shilpa A. Coorg

Associate Attorney

Winston & Strawn LLP

D: +1 213-615-1933

F: +1 213-615-1750

winston.com<https://nam10.safelinks.protection.outlook.com/?url=https%3A%2F%2Furldefense.proofpoint.com%2Fv2%2Furl%3Fu%3Dhttps-3A__nam10.safelinks.protection.outlook.com_-3Furl-3Dhttps-253A-252F-252Furldefense.proofpoint.com-252Fv2-252Furl-253Fu-253Dhttp-2D3A-5F-5Fwww.winston.com-2526d-253DDwMFAg-2526c-253DAnw7wKLFSGyH7zEzIqo-2DzgMRy5HE-2DAH-2DSibmOy3H7xE-2526r-253Dk-5FLtXeOnKwxyyh3MpXxlSqpNo-2DDzKd1AVBn602rWHPI-2526m-253DbFeVqS83quoqZCBFXWVNsyYxpu-5F9cno-5FxQ13vUWxVxs-2526s-253Dt1fNPUesjqViU3hUV7odahP-5FBGoNvgzdIWafTUj8Dog-2526e-253D-26data-3D02-257C01-257CSCoorg-2540winston.com-257C4ff770c2425b470e243408d7e00dd26e-257C12a8aae45e2f4ad8adab9375a84aa3e5-257C0-257C0-257C637224222308771868-26sdata-3DI3b8KXF7ESEApZV1UVHGShN5jkjJh-252FSfpMsiPD-252BAKaM-253D-26reserved-3D0%26d%3DDwIGaQ%26c%3DAnw7wKLFSGyH7zEzIqo-zgMRy5HE-AH-SibmOy3H7xE%26r%3Dk_LtXeOnKwxyyh3MpXxlSqpNo-DzKd1AVBn602rWHPI%26m%3D7bdVXgGaFHNBTtIPxJPYcAW7JiJDFQx4n0eRTz13qR8%26s%3DCcNx59r6LsnAxS7UVvjVr4HWWgO-MNfHHRjYrsISPqw%26e%3D&amp;data=02%7C01%7CSCoorg%40winston.com%7C9a808521a5ab4d02208e08d7e0dfe809%7C12a8aae45e2f4ad8adab9375a84aa3e5%7C0%7C0%7C637225124602167677&amp;sdata=X3KJa93MKl%2B87SZoeqmr7EI9nGxKgKfWfpLbMeyOTZ0%3D&amp;reserved=0 >

<image002.jpg>
From: Rychlinski, Joshua <JRychlinski@crowell.com<mailto:JRychlinski@crowell.com>>
Sent: Monday, March 30, 2020 7:57 AM
To: Coorg, Shilpa <SCoorg@winston.com<mailto:SCoorg@winston.com>>; Ranahan, Erin
<ERanahan@winston.com<mailto:ERanahan@winston.com>>; Golinveaux, Jennifer
<JGolinveaux@winston.com<mailto:JGolinveaux@winston.com>>; Brody, Michael

<MBrody@winston.com<mailto:MBrody@winston.com>>; Padmanabhan, Krishnan
<KPadmanabhan@winston.com<mailto:KPadmanabhan@winston.com>>
Cc: Ramsey, Gabriel <GRamsey@crowell.com<mailto:GRamsey@crowell.com>>; Ghaffari, Kayvan
<KGhaffari@crowell.com<mailto:KGhaffari@crowell.com>>
Subject: RE: Audible Magic Subpoena Responses

Hi Shilpa –

Thank for your well wishes.  With respect to transaction logs, investigation of the same by Audible Magic was the reason
for the slight delay in Audible Magic's production.  There will be more logs forthcoming for the RIAA-Markmonitor
project in the upcoming production.

Second, looking at my calendar this week I see Friday is not the end of March, which is what I had intended when I wrote
my prior email.  Given Audible Magic is still finalizing some of the logs, we'll be making the production on Friday.

Third, as to your request into Audible Magic's search, collection, and tagging process,  I don't understand the basis for
your request.  As I did most of the work myself, I do not see how it is not privileged.  If you have authority otherwise, I'd
be happy to reconsider.

Best,
Josh


Joshua M. Rychlinski | Counsel

Crowell & Moring LLP |
https://nam10.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.crowell.com%2F&amp;data=02%7C01%7CS
Coorg%40winston.com%7C9a808521a5ab4d02208e08d7e0dfe809%7C12a8aae45e2f4ad8adab9375a84aa3e5%7C0%7C
0%7C637225124602167677&amp;sdata=9AilE0egnbJiBI0pfp0EYjal9O3WHjQSZgNQa4uqr4M%3D&amp;reserved=0<http
s://nam10.safelinks.protection.outlook.com/?url=https%3A%2F%2Furldefense.proofpoint.com%2Fv2%2Furl%3Fu%3Dht
tps-3A__nam10.safelinks.protection.outlook.com_-3Furl-3Dhttps-253A-252F-252Furldefense.proofpoint.com-252Fv2-
252Furl-253Fu-253Dhttps-2D3A-5F-5Fnam01.safelinks.protection.outlook.com-5F-2D3Furl-2D3Dhttps-2D253A-2D252F-
2D252Furldefense.proofpoint.com-2D252Fv2-2D252Furl-2D253Fu-2D253Dhttp-2D2D3A-2D5F-2D5Fwww.crowell.com-
2D2526d-2D253DDQMGaQ-2D2526c-2D253Dt0wRGL5ICVzH157W8C8Wew-2D2526r-
2D253DhcDgmtwQW6afEirOZUZJyWH8Oli1FsH40-2D5F4OB7ic3ho-2D2526m-
2D253DQktFXP6QSv3dLfSoqOFHAnuOEPVGDZmDT0Jo35C0TTl-2D2526s-
2D253De4jQFdyw7ekXVEBjgA9417S10yO4eVolQ-2D2DdGT1uJC1A-2D2526e-2D253D-2D26data-2D3D02-2D257C01-
2D257CSCoorg-2D2540winston.com-2D257C12229289321d494a745f08d7d4baa86c-
2D257C12a8aae45e2f4ad8adab9375a84aa3e5-2D257C0-2D257C0-2D257C637211770493928042-2D26sdata-
2D3DqsvEZ6AlERuxm28uabzLGk2VuS7BD3chPut-2D252FSb5Vf7s-2D253D-2D26reserved-2D3D0-2526d-253DDwMFAg-
2526c-253DAnw7wKLFSGyH7zEzIqo-2DzgMRy5HE-2DAH-2DSibmOy3H7xE-2526r-253Dk-5FLtXeOnKwxyyh3MpXxlSqpNo-
2DDzKd1AVBn602rWHPI-2526m-253DbFeVqS83quoqZCBFXWVNsyYxpu-5F9cno-5FxQ13vUWxVxs-2526s-
253D2LGLpMnZl8XydZSTRe4icIDFw9c4tZb91MLk-2Dk5H4-2DQ-2526e-253D-26data-3D02-257C01-257CSCoorg-
2540winston.com-257C4ff770c2425b470e243408d7e00dd26e-257C12a8aae45e2f4ad8adab9375a84aa3e5-257C0-
257C0-257C637224222308781867-26sdata-3DEidP3K88nGaKHd931HWj3qVjnd1i447PrBW8raHAk7s-253D-26reserved-
3D0%26d%3DDwIGaQ%26c%3DAnw7wKLFSGyH7zEzIqo-zgMRy5HE-AH-
SibmOy3H7xE%26r%3Dk_LtXeOnKwxyyh3MpXxlSqpNo-
DzKd1AVBn602rWHPI%26m%3DbdVXgGaFHNBTtIPxJPYcAW7JiJDFQx4n0eRTz13qR8%26s%3DTMROOOfq7yXSvoJqu-
4AkNMkK_zmX1rNzgpJE_1qNbg%26e%3D&amp;data=02%7C01%7CSCoorg%40winston.com%7C9a808521a5ab4d02208
e08d7e0dfe809%7C12a8aae45e2f4ad8adab9375a84aa3e5%7C0%7C0%7C637225124602167677&amp;sdata=CWSyzt6Y
9dFC4EgxcnbmnmK3ko2JR7OdyGTgYwWeQvI%3D&amp;reserved=0 >

1001 Pennsylvania Avenue NW

Washington, DC 20004

Office: 1.202.624.2688 | Mobile: 1.248.302.7887

jrychlinski@crowell.com<mailto:jrychlinski@crowell.com>

From: Coorg, Shilpa [mailto:SCoorg@winston.com]
Sent: Monday, March 23, 2020 2:56 PM
To: Rychlinski, Joshua; Ranahan, Erin; Golinveaux, Jennifer; Brody, Michael; Padmanabhan, Krishnan
Cc: Ramsey, Gabriel; Ghaffari, Kayvan
Subject: RE: Audible Magic Subpoena Responses

 External Email
Josh,
I hope you are well and staying safe.  Thank you for confirming that no documents were withheld on the basis of Audible Magic's objections, and that all fingerprint databases in Audible Magic's possession have now been produced.  With respect to transaction logs, our review of the spreadsheets produced by Audible Magic indicates that with the possible exceptions of AUDIBLE-MAGIC0062913 and AUDIBLE-MAGIC0064404, 64397, and 64370 (which appear to be 3 copies of the same document) no transaction logs have been produced beyond what was produced in the Cox case (REV00003444).  Can you confirm that Audible Magic's possesses no transaction logs for RIAA/DtecNet/MarkMonitor projects beyond these documents?

For RFP Nos. 6, 7, and 9, please also let us know of any search parameters, including, inter alia, date, custodian, subject matter, used to filter documents for responsiveness.

We look forward to receiving the remainder of Audible Magic's production by March 31.

Regards,

Shilpa A. Coorg

Associate Attorney

Winston & Strawn LLP

D: +1 213-615-1933

F: +1 213-615-1750

winston.com<https://nam10.safelinks.protection.outlook.com/?url=https%3A%2F%2Furldefense.proofpoint.com%2Fv2%2Furl%3Fu%3Dhttps-3A__nam10.safelinks.protection.outlook.com_-3Furl-3Dhttps-253A-252F-252Furldefense.proofpoint.com-252Fv2-252Furl-253Fu-253Dhttps-2D3A-5F-5Fnam01.safelinks.protection.outlook.com-5F-2D3Furl-2D3Dhttps-2D253A-2D252F-2D252Furldefense.proofpoint.com-2D252Fv2-2D252Furl-2D253Fu-253Dhttp-2D2D3A-2D5F-2D5Fwww.winston.com-2D2526d-2D253DDwMFAg-2D2526c-2D253DAnw7wKLFSGyH7zEzIqo-2D2DzgMRy5HE-2D2DAH-2D2DSibmOy3H7xE-2D2526r-2D253Dk-2D5FLtXeOnKwxyyh3MpXxlSqpNo-2D2DDzKd1AVBn602rWHPI-2D2526m-2D253DsZwvq5mL0B0PQwcxSXE9sApXH-2D2DjUwVP8BTBYQYjtHxY-2D2526s-2D253DG2Sd7ghYJfUUjHxv27tigQwUye2UfClAbL05n7KTOvA-2D2526e-2D253D-2D26data-2D3D02-2D257C01-2D257CSCoorg-2D2540winston.com-2D257C12229289321d494a745f08d7d4baa86c-2D257C12a8aae45e2f4ad8adab9375a84aa3e5-2D257C0-2D257C0-2D257C637211770493928042-2D26sdata-2D3Dc4SvZ2YDAvpIYZdjdAEBCd7Q83hPi34zeLyMyZQAfKI-2D253D-2D26reserved-2D3D0-2D2526d-253DDwMFAg-2526c-

253DAnw7wKLFSGyH7zEzIqo-2DzgMRy5HE-2DAH-2DSibmOy3H7xE-2526r-253Dk-5FLtXeOnKwxyyh3MpXxlSqpNo-2DDzKd1AVBn602rWHPI-2526m-253DbFeVqS83quoqZCBFXWVNsyYxpu-5F9cno-5FxQ13vUWxVxs-2526s-253DK4h6Z1nVHVXfrFs4M8Xz0Vn8XFDaTqeXN7RKY-5FWFWks-2526e-253D-26data-3D02-257C01-257CSCoorg-2540winston.com-257C4ff770c2425b470e243408d7e00dd26e-257C12a8aae45e2f4ad8adab9375a84aa3e5-257C0-257C0-257C637224222308781867-26sdata-3Du6GnSj-252BCJI9ZdOWOF6-252FWt6kPtFTZb0oKpfHWRFngiQc-253D-26reserved-3D0%26d%3DDwIGaQ%26c%3DAnw7wKLFSGyH7zEzIqo-zgMRy5HE-AH-SibmOy3H7xE%26r%3Dk_LtXeOnKwxyyh3MpXxlSqpNo-DzKd1AVBn602rWHPI%26m%3D7bdVXgGaFHNBTtIPxJPYcAW7JiJDFQx4n0eRTz13qR8%26s%3DtwdSUG4HtSb6CkuhOEe2pSrItugicw5-dMf3KgEPrtY%26e%3D&amp;data=02%7C01%7CSCoorg%40winston.com%7C9a808521a5ab4d02208e08d7e0dfe809%7C12a8aae45e2f4ad8adab9375a84aa3e5%7C0%7C0%7C637225124602167677&amp;sdata=muhMfpV0wzpWEeaMBHzkb4l5KX%2FSvu7Kn4HyHxt%2BdAc%3D&amp;reserved=0 >

&lt;image003.jpg&gt;
From: Rychlinski, Joshua &lt;JRychlinski@crowell.com&lt;mailto:JRychlinski@crowell.com&gt;&gt;
Sent: Thursday, March 19, 2020 12:26 PM
To: Coorg, Shilpa &lt;SCoorg@winston.com&lt;mailto:SCoorg@winston.com&gt;&gt;; Ranahan, Erin
&lt;ERanahan@winston.com&lt;mailto:ERanahan@winston.com&gt;&gt;; Golinveaux, Jennifer
&lt;JGolinveaux@winston.com&lt;mailto:JGolinveaux@winston.com&gt;&gt;; Brody, Michael
&lt;MBrody@winston.com&lt;mailto:MBrody@winston.com&gt;&gt;; Padmanabhan, Krishnan
&lt;KPadmanabhan@winston.com&lt;mailto:KPadmanabhan@winston.com&gt;&gt;
Cc: Ramsey, Gabriel &lt;GRamsey@crowell.com&lt;mailto:GRamsey@crowell.com&gt;&gt;; Ghaffari, Kayvan
&lt;KGhaffari@crowell.com&lt;mailto:KGhaffari@crowell.com&gt;&gt;
Subject: RE: Audible Magic Subpoena Responses

Hi Shilpa –

I hope you are well.  We are having some issues finalizing tomorrow's production, though the volume is small (approximately 5% or less by document count of the previous production).  I expect we'll have it for you by the end of March.

On the database front, in the Feb. 28th production Audible Magic produced the database files it was able to identify for the RIAA-MarkMonitor project; no more databases will be forthcoming.   Also, as stated previously, Audible Magic has not held back any documents due to their discussion (or lack thereof) of any work in either of the cases.

Best,
Josh


Joshua M. Rychlinski | Counsel

Crowell & Moring LLP |
https://nam10.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.crowell.com%2F&amp;data=02%7C01%7CSCoorg%40winston.com%7C9a808521a5ab4d02208e08d7e0dfe809%7C12a8aae45e2f4ad8adab9375a84aa3e5%7C0%7C0%7C637225124602167677&amp;sdata=9AilE0egnbJiBI0pfp0EYjal9O3WHjQSZgNQa4uqr4M%3D&amp;reserved=0&lt;https://nam10.safelinks.protection.outlook.com/?url=https%3A%2F%2Furldefense.proofpoint.com%2Fv2%2Furl%3Fu%3Dhttps-3A__nam01.safelinks.protection.outlook.com_-3Furl-3Dhttps-253A-252F-252Furldefense.proofpoint.com-252Fv2-252Furl-253Fu-253Dhttps-2D3A-5F-5Fnam01.safelinks.protection.outlook.com-5F-2D3Furl-2D3Dhttps-2D253A-2D252F-2D252Furldefense.proofpoint.com-2D252Fv2-2D252Furl-2D253Fu-2D253Dhttp-2D2D3A-2D5F-2D5Fwww.crowell.com-2D2526d-2D253DDQMGaQ-2D2526c-2D253Dt0wRGL5ICVzH157W8C8Wew-2D2526r-2D253DhcDgmtwQW6afEirOZUZJyWH8Oli1FsH40-2D5F4OB7ic3ho-2D2526m-

2D253DQktFXP6QSv3dLfSoqOFHAnuOEPVGDZmDT0Jo35C0TTI-2D2526s-
2D253De4jQFdyw7ekXVEBjgA9417S10yO4eVolQ-2D2DdGT1uJC1A-2D2526e-2D253D-2D26data-2D3D02-2D257C01-
2D257CSCoorg-2D2540winston.com-2D257Cfa43f8ee4f8647560d1608d7cc3b6736-
2D257C12a8aae45e2f4ad8adab9375a84aa3e5-2D257C0-2D257C0-2D257C637202427850729865-2D26sdata-
2D3DGWaEXn9dJ1cTFhB1R81vugshAnguUkuDK2TG0TPWLm4-2D253D-2D26reserved-2D3D0-2526d-253DDwMFAg-
2526c-253DAnw7wKLFSGyH7zEzIqo-2DzgMRy5HE-2DAH-2DSibmOy3H7xE-2526r-253Dk-5FLtXeOnKwxyyh3MpXxlSqpNo-
2DDzKd1AVBn602rWHPI-2526m-253DsZwvq5mL0B0PQwcxSXE9sApXH-2DjUwVP8BTBYQYjtHxY-2526s-
253Dard2Vhk6qfaVyNuhYy5y4ZR9hh-5FHE55N1w6ACZURIDw-2526e-253D-26data-3D02-257C01-257CSCoorg-
2540winston.com-257C12229289321d494a745f08d7d4baa86c-257C12a8aae45e2f4ad8adab9375a84aa3e5-257C0-
257C0-257C637211770493928042-26sdata-3D3udo9DblB7OZT3WYgXB1TySGAWA2ODimHYu-252F87kTNJE-253D-
26reserved-3D0%26d%3DDwMFAg%26c%3DAnw7wKLFSGyH7zEzIqo-zgMRy5HE-AH-
SibmOy3H7xE%26r%3Dk_LtXeOnKwxyyh3MpXxlSqpNo-
DzKd1AVBn602rWHPI%26m%3DbFeVqS83quoqZCBFXWVNsyYxpu_9cno_xQ13vUWxVxs%26s%3DeQJ_lpxpPRt5cWeLRN
rusBDZx9x27ELVPWL6z5dFj8o%26e%3D&amp;data=02%7C01%7CSCoorg%40winston.com%7C9a808521a5ab4d02208e
08d7e0dfe809%7C12a8aae45e2f4ad8adab9375a84aa3e5%7C0%7C0%7C637225124602167677&amp;sdata=seyDd8H%
2BHAP1hSbyRrhVkHbeRn%2BB2tKuLAsdRG3l9QE%3D&amp;reserved=0>

1001 Pennsylvania Avenue NW

Washington, DC 20004

Office: 1.202.624.2688 | Mobile: 1.248.302.7887

jrychlinski@crowell.com<mailto:jrychlinski@crowell.com>

From: Coorg, Shilpa A. [mailto:SCoorg@winston.com]
Sent: Monday, March 2, 2020 12:02 PM
To: Rychlinski, Joshua; Ranahan, Erin R.; Golinveaux, Jennifer A.; Brody, Michael L.; Padmanabhan, Krishnan
Cc: Ramsey, Gabriel; Ghaffari, Kayvan
Subject: RE: Audible Magic Subpoena Responses

External Email
Josh,
Thank you for the email and production.  Do you have a rough estimate as to how many documents we can expect on
March 20?  Although I understand more responsive databases may be produced in the coming weeks, can you represent
that all responsive databases will be produced by March 20, with none held back on the basis of Audible Magic's
objections?

Additionally, please do let us know regarding RFP Nos. 6, 7, and 9, including (1) whether Audible Magic is withholding
documents on the basis of any objections, and (2) any search parameters used to filter documents for
nonresponsiveness.

Regards,

Shilpa A. Coorg

Associate Attorney

Winston & Strawn LLP

D: +1 213-615-1933

F: +1 213-615-1750

winston.com<https://nam10.safelinks.protection.outlook.com/?url=https%3A%2F%2Furldefense.proofpoint.com%2Fv2%2Furl%3Fu%3Dhttps-3A__nam01.safelinks.protection.outlook.com_-3Furl-3Dhttps-253A-252F-252Furldefense.proofpoint.com-252Fv2-252Furl-253Fu-253Dhttps-2D3A-5F-5Fnam01.safelinks.protection.outlook.com-5F-2D3Furl-2D3Dhttps-2D253A-2D252F-2D252Furldefense.proofpoint.com-2D252Fv2-2D252Furl-2D253Fu-2D253Dhttp-2D2D3A-2D5F-2D5Fwww.winston.com-2D2526d-2D253DDwMFAg-2D2526c-2D253DAnw7wKLFSGyH7zEzIqo-2D2DzgMRy5HE-2D2DAH-2D2DSibmOy3H7xE-2D2526r-2D253Dk-2D5FLtXeOnKwxyyh3MpXxlSqpNo-2D2DDzKd1AVBn602rWHPI-2D2526m-2D253D6sEuLVj-2D2DC25281MiQ6-2D5FGiSkBCYIoplp50lv-2D5FOg8nmGQ-2D2526s-2D253DdHhwF8ho8q7gQy9-2D2D-2D5FPEbSaZ3XCS2SiCNtmv4fHLmYkE-2D2526e-2D253D-2D26data-2D3D02-2D257C01-2D257CSCoorg-2D2540winston.com-2D257Cfa43f8ee4f8647560d1608d7cc3b6736-2D257C12a8aae45e2f4ad8adab9375a84aa3e5-2D257C0-2D257C0-2D257C637202427850739860-2D26sdata-2D3DLKbJiw9UoK7zWi-2D252Bvod9MYlLvWoO06cr-2D252F5dc8gX7ZiLg-2D253D-2D26reserved-2D3D0-2526d-253DDwMFAg-2526c-253DAnw7wKLFSGyH7zEzIqo-2DzgMRy5HE-2DAH-2DSibmOy3H7xE-2526r-253Dk-5FLtXeOnKwxyyh3MpXxlSqpNo-2DDzKd1AVBn602rWHPI-2526m-253DsZwvq5mL0B0PQwcxSXE9sApXH-2DjUwVP8BTBYQYjtHxY-2526s-253Dy5aA2HUScFQbRVm-5FyTtEZMBtw6seGl32BnqulRQmntg-2526e-253D-26data-3D02-257C01-257CSCoorg-2540winston.com-257C12229289321d494a745f08d7d4baa86c-257C12a8aae45e2f4ad8adab9375a84aa3e5-257C0-257C0-257C637211770493938038-26sdata-3D1kGulBmHwxrMrkIdSLySM98QD3miJCpzfO8nqa8xhHk-253D-26reserved-3D0%26d%3DDwMFAg%26c%3DAnw7wKLFSGyH7zEzIqo-zgMRy5HE-AH-SibmOy3H7xE%26r%3Dk_LtXeOnKwxyyh3MpXxlSqpNo-DzKd1AVBn602rWHPI%26m%3DbFeVqS83quoqZCBFXWVNsyYxpu_9cno_xQ13vUWxVxs%26s%3Dkz1C0VURoHJeI3qtbesSauyXbW-WnuRv41OKrbtuwWs%26e%3D&amp;data=02%7C01%7CSCoorg%40winston.com%7C9a808521a5ab4d02208e08d7e0dfe809%7C12a8aae45e2f4ad8adab9375a84aa3e5%7C0%7C0%7C637225124602177669&amp;sdata=LAbcaKQg6vijYXC7pIzFBQvVNYUBMoalC%2FqpCbY7oUQ%3D&amp;reserved=0>

<image004.jpg>
From: Rychlinski, Joshua <JRychlinski@crowell.com<mailto:JRychlinski@crowell.com>>
Sent: Friday, February 28, 2020 4:34 PM
To: Coorg, Shilpa A. <SCoorg@winston.com<mailto:SCoorg@winston.com>>; Ranahan, Erin R.
<ERanahan@winston.com<mailto:ERanahan@winston.com>>; Golinveaux, Jennifer A.
<JGolinveaux@winston.com<mailto:JGolinveaux@winston.com>>; Brody, Michael L.
<MBrody@winston.com<mailto:MBrody@winston.com>>
Cc: Ramsey, Gabriel <GRamsey@crowell.com<mailto:GRamsey@crowell.com>>; Ghaffari, Kayvan
<KGhaffari@crowell.com<mailto:KGhaffari@crowell.com>>
Subject: RE: Audible Magic Subpoena Responses

Hi Shilpa —

I will be serving a production to you and your team shortly through the Crowell file transfer system.  The password for the ZIP therein is J!h\!&6JYmrJ6u\K. As we were finalizing the production this week, we noticed an issue with document collection.  We have since rectified this issue, but we now have more documents to review, the vast majority of which should be emails.   We anticipate the review and production of these documents should be complete by March 20.

I will confirm that we are not withholding any documents on the basis of an objection concerning the copyrighted works at issue in either case.

Given that there are more documents for us to review, I am not prepared to make a representation that there are no more potentially responsive databases.  However, today's production does contain responsive database files within it.

Best,

Josh

Joshua M. Rychlinski | Counsel

Crowell & Moring LLP |

https://nam10.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.crowell.com%2F&amp;data=02%7C01%7SCoorg%40winston.com%7C9a808521a5ab4d02208e08d7e0dfe809%7C12a8aae45e2f4ad8adab9375a84aa3e5%7C0%7C0%7C637225124602177669&amp;sdata=%2B9eJkjyu53G7sIZ5QB3RUZG93YU4%2FV2%2B5p3ELiVQl1A%3D&amp;reserved=0<https://nam10.safelinks.protection.outlook.com/?url=https%3A%2F%2Furldefense.proofpoint.com%2Fv2%2Furl%3Fu%3Dhttps-3A__nam01.safelinks.protection.outlook.com_-3Furl-3Dhttps-253A-252F-252Furldefense.proofpoint.com-252Fv2-252Furl-253Fu-253Dhttps-3A-5F-5Fnam01.safelinks.protection.outlook.com-5F-2D3Furl-2D3Dhttps-2D253A-2D252F-2D252Furldefense.proofpoint.com-2D252Fv2-2D252Furl-2D253Fu-2D253Dhttp-2D2D3A-2D5F-2D5Fwww.crowell.com-2D2526d-2D253DDQMGaQ-2D2526c-2D253Dt0wRGL5ICVzH157W8C8Wew-2D2526r-2D253DhcDgmtwQW6afEirOZUZJyWH8Oli1FsH40-2D5F4OB7ic3ho-2D2526m-2D253DQktFXP6QSv3dLfSoqOFHAnuOEPVGDZmDT0Jo35C0TTI-2D2526s-2D253De4jQFdyw7ekXVEBjgA9417S10yO4eVolQ-2D2DdGT1uJC1A-2D2526e-2D253D-2D26data-2D3D02-2D257C01-2D257CSCoorg-2D2540winston.com-2D257C63ea415ec6df49b6fd7408d7bcaf1555-2D257C12a8aae45e2f4ad8adab9375a84aa3e5-2D257C0-2D257C0-2D257C637185332494274301-2D26sdata-2D3DzfPpTl3PSKmGtbxxxHr3x57KzyHvs1bpXcm6bXd1k9E-2D253D-2D26reserved-2D3D0-2526d-253DDwMFAg-2526c-253DAnw7wKLFSGyH7zEzIqo-2DzgMRy5HE-2DAH-2DSibmOy3H7xE-2526r-253Dk-5FLtXeOnKwxyyh3MpXxlSqpNo-2DDzKd1AVBn602rWHPI-2526m-253D6sEuLVj-2DC25281MiQ6-5FGiSkBCYIoplp50lv-5FOg8nmGQ-2526s-253Ds0GTMIx6HzLjt1qfKSaXb81d-5F5AfYA3P9nPVAMiMYt0-2526e-253D-26data-3D02-257C01-257CSCoorg-2540winston.com-257Cfa43f8ee4f8647560d1608d7cc3b6736-257C12a8aae45e2f4ad8adab9375a84aa3e5-257C0-257C0-257C637202427850749854-26sdata-3DPHMz3Jo4HHWPo5Vk-252BaI6kvuBt-252BcBYF-252BClGvgerdZJAM-253D-26reserved-3D0%26d%3DDwMFAg%26c%3DAnw7wKLFSGyH7zEzIqo-zgMRy5HE-AH-SibmOy3H7xE%26r%3Dk_LtXeOnKwxyyh3MpXxlSqpNo-DzKd1AVBn602rWHPI%26m%3DsZwvq5mL0B0PQwcxSXE9sApXH-jUwVP8BTBYQYjtHxY%26s%3Dz2RLW6HGFn9A5PuZLhC1coNfLEJWGih2DF5fN0OSRXs%26e%3D&amp;data=02%7C01%7CSCoorg%40winston.com%7C9a808521a5ab4d02208e08d7e0dfe809%7C12a8aae45e2f4ad8adab9375a84aa3e5%7C0%7C0%7C637225124602177669&amp;sdata=OBFzW6ygwzvshEvKOrytQkAg2MmECI%2BVAM98uoKkPZU%3D&amp;reserved=0>

1001 Pennsylvania Avenue NW

Washington, DC 20004

Office: 1.202.624.2688 | Mobile: 1.248.302.7887

jrychlinski@crowell.com<mailto:jrychlinski@crowell.com>

From: Coorg, Shilpa A. [mailto:SCoorg@winston.com]
Sent: Wednesday, February 26, 2020 6:33 PM
To: Rychlinski, Joshua; Ranahan, Erin R.; Golinveaux, Jennifer A.; Brody, Michael L.
Cc: Ramsey, Gabriel; Ghaffari, Kayvan
Subject: RE: Audible Magic Subpoena Responses

 External Email
Josh,

Thanks very much for the response.

9

Regarding Audible Magic's communications with Plaintiffs, the RIAA, and MarkMonitor, in addition to the manual review of documents, were there search parameters you used to determine that documents were nonresponsive?  If so, please let us know what those search parameters were so we can understand the types of documents that were withheld on the basis of nonresponsiveness.  Please also confirm that Audible Magic is not withholding any responsive documents on the basis of its objections as to RFP Nos. 6, 7, and 9.

Regarding the fingerprint databases, are we correct that the production on Friday will include any and all responsive databases in Audible Magic's possession, custody, and/or control?

Regards,

Shilpa A. Coorg

Associate Attorney

Winston & Strawn LLP

D: +1 213-615-1933

F: +1 213-615-1750

winston.com<https://nam10.safelinks.protection.outlook.com/?url=https%3A%2F%2Furldefense.proofpoint.com%2Fv2
%2Furl%3Fu%3Dhttps-3A__nam01.safelinks.protection.outlook.com_-3Furl-3Dhttps-253A-252F-
252Furldefense.proofpoint.com-252Fv2-252Furl-253Fu-253Dhttps-2D3A-5F-5Fnam01.safelinks.protection.outlook.com-
5F-2D3Furl-2D3Dhttps-2D253A-2D252F-2D252Furldefense.proofpoint.com-2D252Fv2-2D252Furl-2D253Fu-2D253Dhttp-
2D2D3A-2D5F-2D5Fwww.winston.com-2D2526d-2D253DDwMFAg-2D2526c-2D253DAnw7wKLFSGyH7zEzIqo-
2D2DzgMRy5HE-2D2DAH-2D2DSibmOy3H7xE-2D2526r-2D253Dk-2D5FLtXeOnKwxyyh3MpXxlSqpNo-
2D2DDzKd1AVBn602rWHPI-2D2526m-2D253DQqjjcPh1PAc5vt4R3xHYrNZACWUUqWmpD4DoE9Fvmas-2D2526s-
2D253DTR6fUgrToY2y61Lv51hFImC4dWWH7x0-2D5FLSt64HmoNZI-2D2526e-2D253D-2D26data-2D3D02-2D257C01-
2D257CSCoorg-2D2540winston.com-2D257C63ea415ec6df49b6fd7408d7bcaf1555-
2D257C12a8aaee45e2f4ad8adab9375a84aa3e5-2D257C0-2D257C0-2D257C637185332494284298-2D26sdata-
2D3DBErtt4LdEsK9aGr-2D252BiHHCVKgk3CD9JFYkThOKLDTqDcA-2D253D-2D26reserved-2D3D0-2526d-253DDwMFAg-
2526c-253DAnw7wKLFSGyH7zEzIqo-2DzgMRy5HE-2DAH-2DSibmOy3H7xE-2526r-253Dk-5FLtXeOnKwxyyh3MpXxlSqpNo-
2DDzKd1AVBn602rWHPI-2526m-253D6sEuLVj-2DC25281MiQ6-5FGiSkBCYIoplp50lv-5FOg8nmGQ-2526s-253DCPpjl-
5FRDWkDF0-5F-5FTL7kqD-2DN6WcHLy0kLhteKchROCtg-2526e-253D-26data-3D02-257C01-257CSCoorg-
2540winston.com-257Cfa43f8ee4f8647560d1608d7cc3b6736-257C12a8aaee45e2f4ad8adab9375a84aa3e5-257C0-
257C0-257C637202427850749854-26sdata-3D-252F8clZD8pc-252B79pZb8LSHBUAMy2M-252BmpKdD-
252B311NOkfJU0-253D-26reserved-3D0%26d%3DDwMFAg%26c%3DAnw7wKLFSGyH7zEzIqo-zgMRy5HE-AH-
SibmOy3H7xE%26r%3Dk_LtXeOnKwxyyh3MpXxlSqpNo-
DzKd1AVBn602rWHPI%26m%3DsZwvq5mL0B0PQwcxSXE9sApXH-
jUwVP8BTBYQYjtHxY%26s%3DT2_TsIpnAS6M3Rm5dzBKLP-
w_rahGHDQ_2pu6eT9e9g%26e%3D&amp;data=02%7C01%7CSCoorg%40winston.com%7C9a808521a5ab4d02208e08d7
e0dfe809%7C12a8aaee45e2f4ad8adab9375a84aa3e5%7C0%7C0%7C637225124602187660&amp;sdata=tVUvmbwj1RCvP
HGsrM8vJTg3WqWK9DMtPnHWuoWQczo%3D&amp;reserved=0>

<image004.jpg>
From: Rychlinski, Joshua <JRychlinski@crowell.com<mailto:JRychlinski@crowell.com>>
Sent: Tuesday, February 25, 2020 2:23 PM
To: Coorg, Shilpa A. <SCoorg@winston.com<mailto:SCoorg@winston.com>>; Ranahan, Erin R.
<ERanahan@winston.com<mailto:ERanahan@winston.com>>; Golinveaux, Jennifer A.

<JGolinveaux@winston.com<mailto:JGolinveaux@winston.com>>; Brody, Michael L.
<MBrody@winston.com<mailto:MBrody@winston.com>>
Cc: Ramsey, Gabriel <GRamsey@crowell.com<mailto:GRamsey@crowell.com>>; Ghaffari, Kayvan
<KGhaffari@crowell.com<mailto:KGhaffari@crowell.com>>
Subject: RE: Audible Magic Subpoena Responses

Hi Shilpa –

Thank you for your email.  We reviewed documents concerning Audible Magic's communications with the RIAA,
Plaintiffs, and MarkMonitor.  We will not be carte blanche producing this material as you suggest – we conducted a
responsiveness review by reviewing thousands of documents as well as utilizing other methods.  To be sure, there were
nonresponsive documents in our collection that will not be produced.  However, to the extent a document is discussing
a work (e.g., 'Please upload the new Drake mixtape to the database') we did not then check that individual reference to
determine if it is one of the thousands of works at issue in these cases, as you are in a better (or certainly, no worse)
position than us to make that determination.

The production this Friday will include the database files I mentioned below.

Best,
Josh


Joshua M. Rychlinski | Counsel

Crowell & Moring LLP |
https://nam10.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.crowell.com%2F&amp;data=02%7C01%7CS
Coorg%40winston.com%7C9a808521a5ab4d02208e08d7e0dfe809%7C12a8aae45e2f4ad8adab9375a84aa3e5%7C0%7C
0%7C637225124602187660&amp;sdata=GuhlQXgeCRBZl4qbzNvCtZHdg9RZGhNFO6mztDxvF84%3D&amp;reserved=0<h
ttps://nam10.safelinks.protection.outlook.com/?url=https%3A%2F%2Furldefense.proofpoint.com%2Fv2%2Furl%3Fu%3
Dhttps-3A__nam01.safelinks.protection.outlook.com_-3Furl-3Dhttps-253A-252F-252Furldefense.proofpoint.com-
252Fv2-252Furl-253Fu-253Dhttps-3D3A-5F-5Fnam01.safelinks.protection.outlook.com-5F-2D3Furl-2D3Dhttps-2D253A-
2D252F-2D252Furldefense.proofpoint.com-2D252Fv2-2D252Furl-2D253Fu-2D253Dhttp-2D3A-2D5F-
2D5Fwww.crowell.com-2D2526d-2D253DDQMGaQ-2D2526c-2D253Dt0wRGL5ICVzH157W8C8Wew-2D2526r-
2D253DhcDgmtwQW6afEirOZUZJyWH8Oli1FsH40-2D5F4OB7ic3ho-2D2526m-
2D253DQktFXP6QSv3dLfSoqOFHAnuOEPVGDZmDT0Jo35C0TTI-2D2526s-
2D253De4jQFdyw7ekXVEBjgA9417S10yO4eVolQ-2D2DdGT1uJC1A-2D2526e-2D253D-2D26data-2D3D02-2D257C01-
2D257CSCoorg-2D2540winston.com-2D257C66c3b8e62e524d232eba08d7ba414f2d-
2D257C12a8aae45e2f4ad8adab9375a84aa3e5-2D257C0-2D257C0-2D257C637182661986638681-2D26sdata-
2D3DnouiEbt38TIUCXgeNsdI8rwvz3QJBMsixG-2D252F0TgGOdcA-2D253D-2D26reserved-2D3D0-2526d-253DDwMFAg-
2526c-253DAnw7wKLFSGyH7zEzIqo-2DzgMRy5HE-2DAH-2DSibmOy3H7xE-2526r-253Dk-5FLtXeOnKwxyyh3MpXxlSqpNo-
2DDzKd1AVBn602rWHPI-2526m-253DQqjjcPh1PAc5vt4R3xHYrNZACWUUqWmpD4DoE9Fvmas-2526s-
253DFLhg1fhAfMwN7hgfbYXDJFFfho9M3K59MsWdkn1yVgg-2526e-253D-26data-3D02-257C01-257CSCoorg-
2540winston.com-257C63ea415ec6df49b6fd7408d7bcaf1555-257C12a8aae45e2f4ad8adab9375a84aa3e5-257C0-
257C0-257C637185332494294287-26sdata-3Dp3hvl5VJU5Xya9jAUHbev6LOh9wKaGIubD9G8DsF89c-253D-26reserved-
3D0%26d%3DDwMFAg%26c%3DAnw7wKLFSGyH7zEzIqo-zgMRy5HE-AH-
SibmOy3H7xE%26r%3Dk_LtXeOnKwxyyh3MpXxlSqpNo-DzKd1AVBn602rWHPI%26m%3D6sEuLVj-
C25281MiQ6_GiSkBCYIopIp50Iv_Og8nmGQ%26s%3DR_tGDIJKC4l1SEkrosJ286FKmmWIDb-
UwoE91_tKQ2k%26e%3D&amp;data=02%7C01%7CSCoorg%40winston.com%7C9a808521a5ab4d02208e08d7e0dfe809
%7C12a8aae45e2f4ad8adab9375a84aa3e5%7C0%7C0%7C637225124602187660&amp;sdata=p0uH74QrFrVPvQKp5tiB%
2FLN4RFKX87RDvbXgxlT6tSI%3D&amp;reserved=0>


1001 Pennsylvania Avenue NW

Washington, DC 20004

Office: 1.202.624.2688 | Mobile: 1.248.302.7887

jrychlinski@crowell.com<mailto:jrychlinski@crowell.com>

From: Coorg, Shilpa A. [mailto:SCoorg@winston.com]
Sent: Monday, February 24, 2020 7:51 PM
To: Rychlinski, Joshua; Ranahan, Erin R.; Golinveaux, Jennifer A.; Brody, Michael L.
Cc: Ramsey, Gabriel; Ghaffari, Kayvan
Subject: RE: Audible Magic Subpoena Responses

 External Email
Josh,
Thank you for your response and clarifications.  With respect to RFP Nos. 6, 7, and 9, which request "All Communications" with Plaintiffs, the RIAA, and MarkMonitor, respectively, concerning the alleged works at issue in the underlying litigation, please let us know how Audible Magic intends to search for responsive documents if it is not filtering against the works-at-issue.  Will Audible Magic search for and produce "all communications" with the Plaintiffs, the RIAA, and MarkMonitor with no additional limitations on search parameters?  Additionally, I understand Audible Magic intends to provide its production to us by the end of this month.  Please let us know by February 28 the results of your investigation into which, if any, fingerprint databases Audible Magic currently possesses, so that we may evaluate the production.

Regards,
Shilpa

Shilpa A. Coorg

Associate Attorney

Winston & Strawn LLP

D: +1 213-615-1933

F: +1 213-615-1750

winston.com<https://nam10.safelinks.protection.outlook.com/?url=https%3A%2F%2Furldefense.proofpoint.com%2Fv2%2Furl%3Fu%3Dhttps-3A__nam01.safelinks.protection.outlook.com_-3Furl-3Dhttps-253A-252F-252Furldefense.proofpoint.com-252Fv2-252Furl-253Fu-253Dhttps-2D3A-5F-5Fnam01.safelinks.protection.outlook.com-5F-2D3Furl-2D3Dhttps-2D253A-2D252F-2D252Furldefense.proofpoint.com-2D252Fv2-2D252Furl-2D253Fu-2D253Dhttp-2D2D3A-2D5F-2D5Fwww.winston.com-2D2526d-2D253DDwMFAg-2D2526c-2D253DAnw7wKLFSGyH7zEzIqo-2D2DzgMRy5HE-2D2DAH-2D2DSibmOy3H7xE-2D2526r-2D253Dk-2D5FLtXeOnKwxyyh3MpXxlSqpNo-2D2DDzKd1AVBn602rWHPI-2D2526m-2D253DypKqlRB9Y5JRnSDF48Lim8fjmIpLnqdELXGY9H8CIu8-2D2526s-2D253DCRz8zVcyAie8d83VsaiS6gZjfhAmx4G0kKtBkJ3EqxQ-2D2526e-2D253D-2D26data-2D3D02-2D257C01-2D257C12a8aae45e2f4ad8adab9375a84aa3e5-2D257C0-2D257C0-2D257C637182661986648639-2D26sdata-2D3D21ygGQgzOSPVfkY3vULBrf-2D252BWLkkfSzlYVUVNv-2D252BZng3g-2D253D-2D26reserved-2D3D0-2526d-253DDwMFAg-2526c-253DAnw7wKLFSGyH7zEzIqo-2DzgMRy5HE-2DAH-2DSibmOy3H7xE-2526r-253Dk-5FLtXeOnKwxyyh3MpXxlSqpNo-2DDzKd1AVBn602rWHPI-2526m-253DQqjjcPh1PAc5vt4R3xHYrNZACWUUqWmpD4DoE9Fvmas-2526s-253DrQmTvPM6iiFVXIohVznMsJR-2DIW4u5zSV6jg74pzeiO0-2526e-253D-26data-3D02-257C01-257CSCoorg-2540winston.com-

257C63ea415ec6df49b6fd7408d7bcaf1555-257C12a8aaae45e2f4ad8adab9375a84aa3e5-257C0-257C0-
257C637185332494294287-26sdata-3DOVKICUO68j-252B9-252FckBWKuTKrWY5FSqYA6ju0fKIETwEF0-253D-
26reserved-3D0%26d%3DDwMFAg%26c%3DAnw7wKLFSGyH7zEzIqo-zgMRy5HE-AH-
SibmOy3H7xE%26r%3Dk_LtXeOnKwxyyh3MpXxlSqpNo-DzKd1AVBn602rWHPI%26m%3D6sEuLVj-
C25281MiQ6_GiSkBCYIoplp50Iv_Og8nmGQ%26s%3Dds85r5D0tTORNgKGWZVnZxb8jB5GvWbLKi3kPPHNPwM%26e%3D
&amp;data=02%7C01%7CSCoorg%40winston.com%7C9a808521a5ab4d02208e08d7e0dfe809%7C12a8aae45e2f4ad8ad
ab9375a84aa3e5%7C0%7C0%7C637225124602187660&amp;sdata=O89g3%2BlaIhT0VTnzN4iA1KqhXjJcKsuPYAjeGH7efJ
o%3D&amp;reserved=0

<image004.jpg>
From: Rychlinski, Joshua <JRychlinski@crowell.com<mailto:JRychlinski@crowell.com>>
Sent: Friday, February 14, 2020 5:32 PM
To: Coorg, Shilpa A. <SCoorg@winston.com<mailto:SCoorg@winston.com>>; Ranahan, Erin R.
<ERanahan@winston.com<mailto:ERanahan@winston.com>>; Golinveaux, Jennifer A.
<JGolinveaux@winston.com<mailto:JGolinveaux@winston.com>>; Brody, Michael L.
<MBrody@winston.com<mailto:MBrody@winston.com>>
Cc: Ramsey, Gabriel <GRamsey@crowell.com<mailto:GRamsey@crowell.com>>; Ghaffari, Kayvan
<KGhaffari@crowell.com<mailto:KGhaffari@crowell.com>>
Subject: RE: Audible Magic Subpoena Responses

Hi Shilpa –

Thank you for your email.  Let me take your issues in reverse order.

First, I confirm you are correct as to RFP no. 15 – Audible Magic will produce responsive documents.  The objection
serves as a reminder to Charter and Bright House regarding Audible Magic's production in the Sony v. Cox case.

Second, let me explain Audible Magic's objections as to RFP Nos. 6, 7, and 9.  That was to signal to you that we are not
filtering our production against the many thousands of works at issue in these cases.  To be clear, we are not holding any
documents back because they mention (or do not mention) any particular artist.

Third, as to RFP no. 14, there are other communications outside MarkMonitor's messages directly to Audible Magic
servers that are responsive to this RFP.

Finally, the client is investigating what fingerprint databases it currently possesses and/or those databases' relationship
to the MarkMonitor project.  I will update you when I hear from our client.

Please let me know if you still wish to meet and confer in lieu of the above.

Best,
Josh


Joshua M. Rychlinski | Counsel

Crowell & Moring LLP |
https://nam10.safelinks.protection.outlook.com/?url=http%3A%2F%2Fwww.crowell.com%2F&amp;data=02%7C01%7CS
Coorg%40winston.com%7C9a808521a5ab4d02208e08d7e0dfe809%7C12a8aaae45e2f4ad8adab9375a84aa3e5%7C0%7C
0%7C637225124602197656&amp;sdata=zLKWVnfdxdH0M1daIZwdbDbEQF3nxuTr88amCNQYbBQ%3D&amp;reserved=0
<https://nam10.safelinks.protection.outlook.com/?url=https%3A%2F%2Furldefense.proofpoint.com%2Fv2%2Furl%3Fu

%3Dhttps-3A__nam01.safelinks.protection.outlook.com_-3Furl-3Dhttps-253A-252F-252Furldefense.proofpoint.com-252Fv2-252Furl-253Fu-253Dhttps-3D3A-5F-5Fnam01.safelinks.protection.outlook.com-5F-2D3Furl-2D3Dhttps-2D253A-2D252F-2D252Furldefense.proofpoint.com-2D252Fv2-2D252Furl-2D253Fu-2D253Dhttp-2D2D3A-2D5F-2D5Fwww.crowell.com-2D2526d-2D253DDQMGaQ-2D2526c-2D253Dt0wRGL5ICVzH157W8C8Wew-2D2526r-2D253DhcDgmtwQW6afEirOZUZJyWH8Oli1FsH40-2D5F4OB7ic3ho-2D2526m-2D253DQktFXP6QSv3dLfSoqOFHAnuOEPVGDZmDT0Jo35C0TTI-2D2526s-2D253De4jQFdyw7ekXVEBjgA9417S10yO4eVolQ-2D2DdGT1uJC1A-2D2526e-2D253D-2D26data-2D3D02-2D257C01-2D257CSCoorg-2D2540winston.com-2D257C1563d58335e24469866708d7b1b6d5bf-2D257C12a8aae45e2f4ad8adab9375a84aa3e5-2D257C0-2D257C0-2D257C637173271150744214-2D26sdata-2D3Dz94UnqfvyHt8c1LRq-2D252B7khasXMvcaI2lEYc9n-2D252B5ws6T4-2D253D-2D26reserved-2D3D0-2526d-253DDwMFAg-2526c-253DAnw7wKLFSGyH7zEzIqo-2DzgMRy5HE-2DAH-2DSibmOy3H7xE-2526r-253Dk-5FLtXeOnKwxyyh3MpXxlSqpNo-2DDzKd1AVBn602rWHPI-2526m-253DypKqIRB9Y5JRnSDF48Lim8fjmIpLnqdELXGY9H8Clu8-2526s-253DVuTobGfLz7ZUVB4Iy2UB9oEHsl7SIiod5kGfmRoJxks-2526e-253D-26data-3D02-257C01-257CSCoorg-2540winston.com-257C66c3b8e62e524d232eba08d7ba414f2d-257C12a8aae45e2f4ad8adab9375a84aa3e5-257C0-257C0-257C637182661986648639-26sdata-3DtW4IYul2tWkYJnjlzIIAfROtZpjFf2pNevva6xZFECE-253D-26reserved-3D0%26d%3DDwMFAg%26c%3DAnw7wKLFSGyH7zEzIqo-zgMRy5HE-AH-SibmOy3H7xE%26r%3Dk_LtXeOnKwxyyh3MpXxlSqpNo-DzKd1AVBn602rWHPI%26m%3DQqjjcPh1PAc5vt4R3xHYrNZACWUUqWmpD4DoE9Fvmas%26s%3DGOs_u2SgmCL1EuT6PAA5kZTsNPXVLxnH_nI7ZiB8TgY%26e%3D&amp;data=02%7C01%7CSCoorg%40winston.com%7C9a808521a5ab4d02208e08d7e0dfe809%7C12a8aae45e2f4ad8adab9375a84aa3e5%7C0%7C0%7C637225124602197656&amp;sdata=MwHT19TqUZqpz5dFVCPaPdo%2BNNO4NwqUXlISMm0aD9Y%3D&amp;reserved=0>

1001 Pennsylvania Avenue NW

Washington, DC 20004

Office: 1.202.624.2688 | Mobile: 1.248.302.7887

jrychlinski@crowell.com<mailto:jrychlinski@crowell.com>

From: Coorg, Shilpa A. [mailto:SCoorg@winston.com]
Sent: Friday, February 7, 2020 3:56 PM
To: Rychlinski, Joshua; Ranahan, Erin R.; Golinveaux, Jennifer A.; Brody, Michael L.
Cc: Ramsey, Gabriel; Ghaffari, Kayvan
Subject: RE: Audible Magic Subpoena Responses

 External Email
Josh,
I write regarding issues arising from Audible Magic's objections and responses.  We reserve our rights to raise any additional concerns after we have reviewed Audible Magic's production.

First, Audible Magic has objected in its entirety to RFP No. 12, which requests "Copies of all files, or portions, or derivatives thereof (including any hashes, digital fingerprints, or checksums of files or portions of files) used by You as a reference for the purposes of fingerprinting, identifying, or verifying that files or digital fingerprints submitted by MarkMonitor are copies of the Copyright Works, and documents sufficient to identify the source of those copies."  As you know, Audible Magic was retained by MarkMonitor on behalf of Plaintiffs and/or the RIAA in connection with monitoring the copyright works now at issue in these litigations.  Audible Magic's software and systems were utilized to create a unique digital fingerprint of the Copyright Works, which were then compared by Audible Magic and/or MarkMonitor to allegedly infringing files.  The digital fingerprints created using Audible Magic's systems—and any database containing those digital fingerprints—were therefore central to the identification of allegedly infringing files that are now at issue.  Audible Magic stated in its objections that its "reference database is dynamic, extremely large,

and past copies of the reference database do not exist."  Please confirm by February 14 whether Audible Magic's reference database, as it is currently maintained, includes any files, portions, or derivatives thereof that were used for the purpose of fingerprinting, identifying, or verifying that files or digital fingerprints submitted by MarkMonitor are copies of the Copyright Works, and whether Audible Magic will agree to produce them to the extent maintained. Based upon its objections, we also need to understand to what extent Audible Magic no longer possesses copies of such files that were used to identify alleged infringements of the Copyright Works.

Second, RFP No. 14 requests "Copies of all files, or portions or derivatives thereof (including any hashes, digital fingerprints, or checksums of files or portions of files), submitted to you by MarkMonitor for the purpose of utilizing Your System to determine whether the submitted file matched any file or digital fingerprint or any file in any database maintained by you."  In response, Audible Magic objects to the extent the request calls for "production of 'files, or portions or derivative thereof' that MarkMonitor submitted to Audible Magic for utilization of Audible Magic's system as these files do not exist."  Audible Magic then stated, however, that it would produce responsive, non-privileged documents.  Please confirm by February 14 whether you have responsive documents, and if so, whether you intend to withhold any on the basis of your objections.

Third, Audible Magic objected in its entirety to RFP Nos. 6, 7, and 9, which request "All Communications" with Plaintiffs, the RIAA, and MarkMonitor, respectively, concerning the Copyright Works.  These requests are directly relevant to the issues in this litigation, including by way of example, the processes Audible Magic used, any instructions or materials communicated from these entities to Audible Magic, and/or the presence of any false negatives.  We are willing to meet and confer regarding the basis for Audible Magic's objections.  Please provide your availability on February 18 or 19 to discuss.

Lastly, RFP No. 15 requests "Any databases, indices, or other repositories of information concerning the results of any fingerprinting, identification, and/or verification conducted by Your System of any files or portions or derivatives thereof (including hashes, digital fingerprints, or checksums of file or portions of files) submitted to you by MarkMonitor on behalf of RIAA or any of the Plaintiffs, including but not limited to "transaction logs" memorializing the results of such results."  Audible Magic has agreed to produce responsive documents, subject to its objections, which include that the request seeks "documents that are already in" Charter's or Bright House's possession or "otherwise available from Plaintiffs."  Please confirm by February 14 that Audible Magic will produce all versions of the transaction logs and any other documents responsive to this request in their possession, custody, or control.

We look forward to hearing from you by February 14 regarding the above matters, including your availability to meet and confer on February 18 or 19, and receiving Audible Magic's production by the end of the month.

Regards,

Shilpa A. Coorg

Associate Attorney

Winston & Strawn LLP

D: +1 213-615-1933

F: +1 213-615-1750

winston.com<https://nam10.safelinks.protection.outlook.com/?url=https%3A%2F%2Furldefense.proofpoint.com%2Fv2%2Furl%3Fu%3Dhttps-3A__nam01.safelinks.protection.outlook.com_-3Furl-3Dhttps-253A-252F-252Furldefense.proofpoint.com-252Fv2-252Furl-253Fu-253Dhttps-2D3A-5F-5Fnam01.safelinks.protection.outlook.com-5F-2D3Furl-2D3Dhttps-2D253A-2D252F-2D252Furldefense.proofpoint.com-2D252Fv2-2D252Furl-2D253Fu-2D253Dhttp-2D2D3A-2D5F-2D5Fwww.winston.com-2D2526d-2D253DDwMFAg-2D2526c-2D253DAnw7wKLFSGyH7zEzIqo-

2D2DzgMRy5HE-2D2DAH-2D2DSibmOy3H7xE-2D2526r-2D253Dk-2D5FLtXeOnKwxyyh3MpXxlSqpNo-
2D2DDzKd1AVBn602rWHPI-2D2526m-2D253DLV16XZ2UqKA6OKtTQejnnC-2D5FIvHJxgrfTvQ2NZouaZPY-2D2526s-
2D253DPho44E3NbOTcZ-2D2DAcoj03HHa-2D2DX9cGavs7h2vJChjg5og-2D2526e-2D253D-2D26data-2D3D02-2D257C01-
2D257CSCoorg-2D2540winston.com-2D257C1563d58335e24469866708d7b1b6d5bf-
2D257C12a8aaae45e2f4ad8adab9375a84aa3e5-2D257C0-2D257C0-2D257C637173271150744214-2D26sdata-
2D3DigX2deOi5JzMi1szrHutkdaObghdUT8H4IGEcpvPsbE-2D253D-2D26reserved-2D3D0-2526d-253DDwMFAg-2526c-
253DAnw7wKLFSGyH7zEzIqo-2DzgMRy5HE-2DAH-2DSibmOy3H7xE-2526r-253Dk-5FLtXeOnKwxyyh3MpXxlSqpNo-
2DDzKd1AVBn602rWHPI-2526m-253DypKqIRB9Y5JRnSDF48Lim8fjmIpLnqdELXGY9H8CIu8-2526s-
253D5VimI2HWzwRJNGS8Qv7yMxPNVI-2Dk4MFIVNoniIBNoiw-2526e-253D-26data-3D02-257C01-257CSCoorg-
2540winston.com-257C66c3b8e62e524d232eba08d7ba414f2d-257C12a8aaae45e2f4ad8adab9375a84aa3e5-257C0-
257C0-257C637182661986658593-26sdata-3Dgqz-252BYaRoOVCCKr1-252Bl-252FoEi76XGYnskGn66-252Bg72sw0kdg-
253D-26reserved-3D0%26d%3DDwMFAg%26c%3DAnw7wKLFSGyH7zEzIqo-zgMRy5HE-AH-
SibmOy3H7xE%26r%3D_LtXeOnKwxyyh3MpXxlSqpNo-
DzKd1AVBn602rWHPI%26m%3DQqjjcPh1PAc5vt4R3xHYrNZACWUUqWmpD4DoE9Fvmas%26s%3DRREV4Tznqt1qrfnEzv
Hp3vnEmYM3KOLUGV8-
wwiBYDg%26e%3D&amp;data=02%7C01%7CSCoorg%40winston.com%7C9a808521a5ab4d02208e08d7e0dfe809%7C12
a8aaae45e2f4ad8adab9375a84aa3e5%7C0%7C0%7C637225124602197656&amp;sdata=d1n6T3okb8TwZDD5tlptfqKEmI
mFtdbcOLKLM%2FH9AOM%3D&amp;reserved=0=

&lt;image005.jpg&gt;
From: Rychlinski, Joshua &lt;JRychlinski@crowell.com&lt;mailto:JRychlinski@crowell.com&gt;&gt;
Sent: Wednesday, January 29, 2020 6:24 PM
To: Coorg, Shilpa A. &lt;SCoorg@winston.com&lt;mailto:SCoorg@winston.com&gt;&gt;; Ranahan, Erin R.
&lt;ERanahan@winston.com&lt;mailto:ERanahan@winston.com&gt;&gt;
Cc: Ramsey, Gabriel &lt;GRamsey@crowell.com&lt;mailto:GRamsey@crowell.com&gt;&gt;; Ghaffari, Kayvan
&lt;KGhaffari@crowell.com&lt;mailto:KGhaffari@crowell.com&gt;&gt;
Subject: Audible Magic Subpoena Responses

Counsel,

Attached are Audible Magic's subpoena responses in the Bright House (Case No. 8:19-cv-710) and Charter (Case No. 19-
cv-874) matters.

Best,
Josh


Joshua M. Rychlinski | Counsel

---

The contents of this message may be privileged and confidential. If this message has been received in error, please
delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not
disseminate this message without the permission of the author. Any tax advice contained in this email was not intended
to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and
regulations.

# Exhibit 4

| From: | Coorg, Shilpa |
|-------|---------------|
| To: | Rychlinski, Joshua; Ranahan, Erin; Golinveaux, Jennifer; Brody, Michael; Padmanabhan, Krishnan |
| Cc: | Ramsey, Gabriel; Ghaffari, Kayvan |
| Subject: | RE: Audible Magic Subpoena Responses |
| Date: | Monday, April 06, 2020 1:20:00 PM |

Josh,

We understood from your email below that we could expect Audible Magic's additional production by Friday, April 3, but do not believe we have received it.  Please let us know the status of the production.

Regards,
Shilpa


**Shilpa A. Coorg**

**Associate Attorney**

Winston & Strawn LLP

D: +1 213-615-1933

F: +1 213-615-1750

winston.com

# WINSTON
# &STRAWN
LLP

**From:** Rychlinski, Joshua <JRychlinski@crowell.com>
**Sent:** Monday, March 30, 2020 7:57 AM
**To:** Coorg, Shilpa <SCoorg@winston.com>; Ranahan, Erin <ERanahan@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Brody, Michael <MBrody@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>
**Cc:** Ramsey, Gabriel <GRamsey@crowell.com>; Ghaffari, Kayvan <KGhaffari@crowell.com>
**Subject:** RE: Audible Magic Subpoena Responses

Hi Shilpa –

Thank for your well wishes.  With respect to transaction logs, investigation of the same by Audible Magic was the reason for the slight delay in Audible Magic's production.  There will be more logs forthcoming for the RIAA-Markmonitor project in the upcoming production.

Second, looking at my calendar this week I see Friday is not the end of March, which is what I had intended when I wrote my prior email.  Given Audible Magic is still finalizing some of the logs, we'll be making the production on Friday.

Third, as to your request into Audible Magic's search, collection, and tagging process,  I don't understand the basis for your request.  As I did most of the work myself, I do not see how it is not privileged.  If you have authority otherwise, I'd be happy to reconsider.

Best,

Josh

Joshua M. Rychlinski | Counsel

**Crowell & Moring LLP** | www.crowell.com

1001 Pennsylvania Avenue NW

Washington, DC 20004

Office: 1.202.624.2688 | Mobile: 1.248.302.7887

jrychlinski@crowell.com

---

**From:** Coorg, Shilpa [mailto:SCoorg@winston.com]
**Sent:** Monday, March 23, 2020 2:56 PM
**To:** Rychlinski, Joshua; Ranahan, Erin; Golinveaux, Jennifer; Brody, Michael; Padmanabhan, Krishnan
**Cc:** Ramsey, Gabriel; Ghaffari, Kayvan
**Subject:** RE: Audible Magic Subpoena Responses

Externa_Email

Josh,
I hope you are well and staying safe.  Thank you for confirming that no documents were withheld on the basis of Audible Magic's objections, and that all fingerprint databases in Audible Magic's possession have now been produced.  With respect to transaction logs, our review of the spreadsheets produced by Audible Magic indicates that with the possible exceptions of AUDIBLE-MAGIC0062913 and AUDIBLE-MAGIC0064404, 64397, and 64370 (which appear to be 3 copies of the same document) no transaction logs have been produced beyond what was produced in the Cox case (REV00003444).  Can you confirm that Audible Magic's possesses no transaction logs for RIAA/DtecNet/MarkMonitor projects beyond these documents?

For RFP Nos. 6, 7, and 9, please also let us know of any search parameters, including, *inter alia*, date, custodian, subject matter, used to filter documents for responsiveness.

We look forward to receiving the remainder of Audible Magic's production by March 31.

Regards,

**Shilpa A. Coorg**
**Associate Attorney**
Winston & Strawn LLP
D: +1 213-615-1933
F: +1 213-615-1750

winston.com

2



**From:** Rychlinski, Joshua <JRychlinski@crowell.com>
**Sent:** Thursday, March 19, 2020 12:26 PM
**To:** Coorg, Shilpa <SCoorg@winston.com>; Ranahan, Erin <ERanahan@winston.com>; Golinveaux, Jennifer <JGolinveaux@winston.com>; Brody, Michael <MBrody@winston.com>; Padmanabhan, Krishnan <KPadmanabhan@winston.com>
**Cc:** Ramsey, Gabriel <GRamsey@crowell.com>; Ghaffari, Kayvan <KGhaffari@crowell.com>
**Subject:** RE: Audible Magic Subpoena Responses

Hi Shilpa –

I hope you are well.  We are having some issues finalizing tomorrow's production, though the volume is small (approximately 5% or less by document count of the previous production).  I expect we'll have it for you by the end of March.

On the database front, in the Feb. 28th production Audible Magic produced the database files it was able to identify for the RIAA-MarkMonitor project; no more databases will be forthcoming.   Also, as stated previously, Audible Magic has not held back any documents due to their discussion (or lack thereof) of any work in either of the cases.

Best,
Josh


Joshua M. Rychlinski | Counsel

**Crowell & Moring LLP** | www.crowell.com

1001 Pennsylvania Avenue NW

Washington, DC 20004

Office: 1.202.624.2688 | Mobile: 1.248.302.7887

jrychlinski@crowell.com

---

**From:** Coorg, Shilpa A. [mailto:SCoorg@winston.com]
**Sent:** Monday, March 2, 2020 12:02 PM
**To:** Rychlinski, Joshua; Ranahan, Erin R.; Golinveaux, Jennifer A.; Brody, Michael L.; Padmanabhan, Krishnan
**Cc:** Ramsey, Gabriel; Ghaffari, Kayvan
**Subject:** RE: Audible Magic Subpoena Responses

External Email

Josh,

Thank you for the email and production. Do you have a rough estimate as to how many documents we can expect on March 20? Although I understand more responsive databases may be produced in the coming weeks, can you represent that all responsive databases will be produced by March 20, with none held back on the basis of Audible Magic's objections?

Additionally, please do let us know regarding RFP Nos. 6, 7, and 9, including (1) whether Audible Magic is withholding documents on the basis of any objections, and (2) any search parameters used to filter documents for nonresponsiveness.

Regards,

**Shilpa A. Coorg**
**Associate Attorney**
Winston & Strawn LLP
D: +1 213-615-1933
F: +1 213-615-1750
winston.com



WINSTON
&STRAWN
LLP

---

**From:** Rychlinski, Joshua <JRychlinski@crowell.com>
**Sent:** Friday, February 28, 2020 4:34 PM
**To:** Coorg, Shilpa A. <SCoorg@winston.com>; Ranahan, Erin R. <ERanahan@winston.com>; Golinveaux, Jennifer A. <JGolinveaux@winston.com>; Brody, Michael L. <MBrody@winston.com>
**Cc:** Ramsey, Gabriel <GRamsey@crowell.com>; Ghaffari, Kayvan <KGhaffari@crowell.com>
**Subject:** RE: Audible Magic Subpoena Responses

Hi Shilpa –

I will be serving a production to you and your team shortly through the Crowell file transfer system. The password for the ZIP therein is J!h\!&6JYmrJ6u\K. As we were finalizing the production this week, we noticed an issue with document collection. We have since rectified this issue, but we now have more documents to review, the vast majority of which should be emails.    We anticipate the review and production of these documents should be complete by March 20.

I will confirm that we are not withholding any documents on the basis of an objection concerning the copyrighted works at issue in either case.

Given that there are more documents for us to review, I am not prepared to make a representation that there are no more potentially responsive databases.  However, today's production does contain responsive database files within it.

Best,
Josh

Joshua M. Rychlinski | Counsel

**Crowell & Moring LLP** | www.crowell.com

1001 Pennsylvania Avenue NW

Washington, DC 20004

Office: 1.202.624.2688 | Mobile: 1.248.302.7887

jrychlinski@crowell.com

---

**From:** Coorg, Shilpa A. [mailto:SCoorg@winston.com]
**Sent:** Wednesday, February 26, 2020 6:33 PM
**To:** Rychlinski, Joshua; Ranahan, Erin R.; Golinveaux, Jennifer A.; Brody, Michael L.
**Cc:** Ramsey, Gabriel; Ghaffari, Kayvan
**Subject:** RE: Audible Magic Subpoena Responses

External Email

Josh,

Thanks very much for the response.

Regarding Audible Magic's communications with Plaintiffs, the RIAA, and MarkMonitor, in addition to the manual review of documents, were there search parameters you used to determine that documents were nonresponsive?  If so, please let us know what those search parameters were so we can understand the types of documents that were withheld on the basis of nonresponsiveness. Please also confirm that Audible Magic is not withholding any responsive documents on the basis of its objections as to RFP Nos. 6, 7, and 9.

Regarding the fingerprint databases, are we correct that the production on Friday will include any and all responsive databases in Audible Magic's possession, custody, and/or control?

Regards,

**Shilpa A. Coorg**
**Associate Attorney**
Winston & Strawn LLP
D: +1 213-615-1933
F: +1 213-615-1750
winston.com


**From:** Rychlinski, Joshua <JRychlinski@crowell.com>
**Sent:** Tuesday, February 25, 2020 2:23 PM
**To:** Coorg, Shilpa A. <SCoorg@winston.com>; Ranahan, Erin R. <ERanahan@winston.com>;
Golinveaux, Jennifer A. <JGolinveaux@winston.com>; Brody, Michael L. <MBrody@winston.com>
**Cc:** Ramsey, Gabriel <GRamsey@crowell.com>; Ghaffari, Kayvan <KGhaffari@crowell.com>
**Subject:** RE: Audible Magic Subpoena Responses

Hi Shilpa –

Thank you for your email.  We reviewed documents concerning Audible Magic's communications
with the RIAA, Plaintiffs, and MarkMonitor.  We will not be carte blanche producing this material as
you suggest – we conducted a responsiveness review by reviewing thousands of documents as well
as utilizing other methods.  To be sure, there were nonresponsive documents in our collection that
will not be produced.  However, to the extent a document is discussing a work (e.g., 'Please upload
the new Drake mixtape to the database') we did not then check that individual reference to
determine if it is one of the thousands of works at issue in these cases, as you are in a better (or
certainly, no worse) position than us to make that determination.

The production this Friday will include the database files I mentioned below.

Best,
Josh


Joshua M. Rychlinski | Counsel

**Crowell & Moring LLP** | www.crowell.com

1001 Pennsylvania Avenue NW

Washington, DC 20004

Office: 1.202.624.2688 | Mobile: 1.248.302.7887

jrychlinski@crowell.com


---

**From:** Coorg, Shilpa A. [mailto:SCoorg@winston.com]
**Sent:** Monday, February 24, 2020 7:51 PM
**To:** Rychlinski, Joshua; Ranahan, Erin R.; Golinveaux, Jennifer A.; Brody, Michael L.
**Cc:** Ramsey, Gabriel; Ghaffari, Kayvan
**Subject:** RE: Audible Magic Subpoena Responses

| External Email |

Josh,
Thank you for your response and clarifications.  With respect to RFP Nos. 6, 7, and 9, which request
"All Communications" with Plaintiffs, the RIAA, and MarkMonitor, respectively, concerning the
alleged works at issue in the underlying litigation, please let us know how Audible Magic intends to

search for responsive documents if it is not filtering against the works-at-issue.  Will Audible Magic search for and produce "all communications" with the Plaintiffs, the RIAA, and MarkMonitor with no additional limitations on search parameters?  Additionally, I understand Audible Magic intends to provide its production to us by the end of this month.  Please let us know by February 28 the results of your investigation into which, if any, fingerprint databases Audible Magic currently possesses, so that we may evaluate the production.

Regards,
Shilpa

**Shilpa A. Coorg**
**Associate Attorney**
Winston & Strawn LLP
D: +1 213-615-1933
F: +1 213-615-1750
winston.com



---

**From:** Rychlinski, Joshua <JRychlinski@crowell.com>
**Sent:** Friday, February 14, 2020 5:32 PM
**To:** Coorg, Shilpa A. <SCoorg@winston.com>; Ranahan, Erin R. <ERanahan@winston.com>; Golinveaux, Jennifer A. <JGolinveaux@winston.com>; Brody, Michael L. <MBrody@winston.com>
**Cc:** Ramsey, Gabriel <GRamsey@crowell.com>; Ghaffari, Kayvan <KGhaffari@crowell.com>
**Subject:** RE: Audible Magic Subpoena Responses

Hi Shilpa –

Thank you for your email.  Let me take your issues in reverse order.

First, I confirm you are correct as to RFP no. 15 – Audible Magic will produce responsive documents.  The objection serves as a reminder to Charter and Bright House regarding Audible Magic's production in the Sony v. Cox case.

Second, let me explain Audible Magic's objections as to RFP Nos. 6, 7, and 9.  That was to signal to you that we are not filtering our production against the many thousands of works at issue in these cases.  To be clear, we are not holding any documents back because they mention (or do not mention) any particular artist.

Third, as to RFP no. 14, there are other communications outside MarkMonitor's messages directly to Audible Magic servers that are responsive to this RFP.

Finally, the client is investigating what fingerprint databases it currently possesses and/or those databases' relationship to the MarkMonitor project.  I will update you when I hear from our client.

Please let me know if you still wish to meet and confer in lieu of the above.

Best,
Josh

Joshua M. Rychlinski | Counsel

**Crowell & Moring LLP** | www.crowell.com

1001 Pennsylvania Avenue NW

Washington, DC 20004

Office: 1.202.624.2688 | Mobile: 1.248.302.7887

jrychlinski@crowell.com

**From:** Coorg, Shilpa A. [mailto:SCoorg@winston.com]
**Sent:** Friday, February 7, 2020 3:56 PM
**To:** Rychlinski, Joshua; Ranahan, Erin R.; Golinveaux, Jennifer A.; Brody, Michael L.
**Cc:** Ramsey, Gabriel; Ghaffari, Kayvan
**Subject:** RE: Audible Magic Subpoena Responses

External Email

Josh,
I write regarding issues arising from Audible Magic's objections and responses.  We reserve our rights to raise any additional concerns after we have reviewed Audible Magic's production.

First, Audible Magic has objected in its entirety to RFP No. 12, which requests "Copies of all files, or portions, or derivatives thereof (including any hashes, digital fingerprints, or checksums of files or portions of files) used by You as a reference for the purposes of fingerprinting, identifying, or verifying that files or digital fingerprints submitted by MarkMonitor are copies of the Copyright Works, and documents sufficient to identify the source of those copies."  As you know, Audible Magic was retained by MarkMonitor on behalf of Plaintiffs and/or the RIAA in connection with monitoring the copyright works now at issue in these litigations.  Audible Magic's software and systems were utilized to create a unique digital fingerprint of the Copyright Works, which were then compared by Audible Magic and/or MarkMonitor to allegedly infringing files.  The digital fingerprints created using Audible Magic's systems—and any database containing those digital fingerprints— were therefore central to the identification of allegedly infringing files that are now at issue.  Audible Magic stated in its objections that its "reference database is dynamic, extremely large, and past copies of the reference database do not exist."  Please confirm by February 14 whether Audible Magic's reference database, as it is currently maintained, includes *any* files, portions, or derivatives thereof that were used for the purpose of fingerprinting, identifying, or verifying that files or digital fingerprints submitted by MarkMonitor are copies of the Copyright Works, and whether Audible

Magic will agree to produce them to the extent maintained. Based upon its objections, we also need to understand to what extent Audible Magic no longer possesses copies of such files that were used to identify alleged infringements of the Copyright Works.

Second, RFP No. 14 requests "Copies of all files, or portions or derivatives thereof (including any hashes, digital fingerprints, or checksums of files or portions of files), submitted to you by MarkMonitor for the purpose of utilizing Your System to determine whether the submitted file matched any file or digital fingerprint or any file in any database maintained by you." In response, Audible Magic objects to the extent the request calls for "production of 'files, or portions or derivative thereof' that MarkMonitor submitted to Audible Magic for utilization of Audible Magic's system as these files do not exist." Audible Magic then stated, however, that it would produce responsive, non-privileged documents. Please confirm by February 14 whether you have responsive documents, and if so, whether you intend to withhold any on the basis of your objections.

Third, Audible Magic objected in its entirety to RFP Nos. 6, 7, and 9, which request "All Communications" with Plaintiffs, the RIAA, and MarkMonitor, respectively, concerning the Copyright Works. These requests are directly relevant to the issues in this litigation, including by way of example, the processes Audible Magic used, any instructions or materials communicated from these entities to Audible Magic, and/or the presence of any false negatives. We are willing to meet and confer regarding the basis for Audible Magic's objections. Please provide your availability on February 18 or 19 to discuss.

Lastly, RFP No. 15 requests "Any databases, indices, or other repositories of information concerning the results of any fingerprinting, identification, and/or verification conducted by Your System of any files or portions or derivatives thereof (including hashes, digital fingerprints, or checksums of file or portions of files) submitted to you by MarkMonitor on behalf of RIAA or any of the Plaintiffs, including but not limited to "transaction logs" memorializing the results of such results." Audible Magic has agreed to produce responsive documents, subject to its objections, which include that the request seeks "documents that are already in" Charter's or Bright House's possession or "otherwise available from Plaintiffs." Please confirm by February 14 that Audible Magic will produce all versions of the transaction logs and any other documents responsive to this request in their possession, custody, or control.

We look forward to hearing from you by February 14 regarding the above matters, including your availability to meet and confer on February 18 or 19, and receiving Audible Magic's production by the end of the month.

Regards,

**Shilpa A. Coorg**
**Associate Attorney**
Winston & Strawn LLP
D: +1 213-615-1933
F: +1 213-615-1750
winston.com



**WINSTON & STRAWN** LLP

**From:** Rychlinski, Joshua <JRychlinski@crowell.com>
**Sent:** Wednesday, January 29, 2020 6:24 PM
**To:** Coorg, Shilpa A. <SCoorg@winston.com>; Ranahan, Erin R. <ERanahan@winston.com>
**Cc:** Ramsey, Gabriel <GRamsey@crowell.com>; Ghaffari, Kayvan <KGhaffari@crowell.com>
**Subject:** Audible Magic Subpoena Responses

Counsel,

Attached are Audible Magic's subpoena responses in the Bright House (Case No. 8:19-cv-710) and Charter (Case No. 19-cv-874) matters.

Best,
Josh


Joshua M. Rychlinski | Counsel

**Crowell & Moring LLP** | www.crowell.com

1001 Pennsylvania Avenue NW

Washington, DC 20004

Office: 1.202.624.2688 | Mobile: 1.248.302.7887

jrychlinski@crowell.com

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.